STATE EX REL. OWEN, Attorney General, Respondent, vs. REISEN, Appellant.

*September 16—October 24, 1916.*

*Courts: Jurisdiction: Statute construed: Nuisances: Abatement: Place of trial: Prejudice of judge.*

1. Ch. 339, Laws 1915, conferring upon the county court of Iowa county the jurisdiction therein specified, did not give that court jurisdiction of an action under sec. 3180a, Stats., to abate a public nuisance. *Winchell v. Waukesha,* 110 Wis. 101, distinguished.
2. The words "claims, demands and sums" in sec. 1, ch. 339, Laws 1915, relate to claims arising on contract.
3. An order of a circuit court, based on an affidavit of prejudice of the judge, changing the place of trial of an action to a county court which had no jurisdiction thereof, was a nullity, and jurisdiction remained in the circuit court.

APPEAL from an order of the county court of Iowa county: ALDRO JENKS, Judge. *Reversed.*

For the appellant there was a brief by *Richmond, Jackman & Swansen* and *J. D. McGeever,* and oral argument by *Sam T. Swansen, J. D. McGeever,* and *William C. McGeever.*

For the respondent there was a brief by *Crownhart & Wylie* and *Fiedler & Fiedler,* and oral argument by *F. M. Wylie* and *E. C. Fiedler.*

KERWIN, J.    In this case a preliminary question is raised as to the jurisdiction of the court, which if resolved in favor of the appellant disposes of the case.

This action was brought to abate a nuisance under sec. 3180a, Stats.    The action was originally commenced in the circuit court and on affidavit of prejudice was changed to the county court of Iowa county.    It is contended that the county court of Iowa county has no jurisdiction of the subject matter of the action.

The statute conferring jurisdiction upon said county court (ch. 339, Laws 1915) reads:

"Section 1.    There is hereby conferred on the county court of Iowa county, jurisdiction in all civil actions and proceedings in law and in equity, concurrent with and equal with the jurisdiction of the circuit court in said county, for all claims, demands and sums and to and concerning all property, not exceeding the sum or value of twenty-five thousand dollars; provided, that said county court shall have jurisdiction in all actions in said county for the foreclosure of mortgages and mechanic liens, in which the amount claimed does not exceed the sum above mentioned, although the property to be affected by the judgment exceeds the sum of twenty-five thousand dollars in value; and of all actions for divorce or for affirmance or annulment of marriage contracts; and all actions for removing clouds and quieting title to real estate and all actions for partition of real estate; and in all bastardy actions and in all criminal cases except murder, manslaughter and homicide; and to the amount and within the limits aforesaid the said county court shall be a court of general jurisdiction, with the same power and jurisdiction in all civil and criminal actions and proceedings, and including the power of review of records on *certiorari,* discharging mortgages of records, and such other special powers as are now or may hereafter be conferred by the statutes upon the circuit court, coming within the above limitations, as belong to and are exercised by the circuit court in and for said county." . . .

The question presented is whether this act gives the court jurisdiction of the instant action.    This statute seems to provide for five classes of cases: First, jurisdiction in civil ac-

tions and proceedings in law and equity concurrent with the circuit court "for all claims, demands and sums and to and concerning all property not exceeding the sum or value of twenty-five thousand dollars." Second, actions for the foreclosure of mortgages and mechanics' liens in which the amount claimed does not exceed twenty-five thousand dollars, although the property to be affected exceeds that sum. Third, actions for divorce or for annulment or affirmance of marriage contracts. Fourth, all actions to remove clouds and quiet title to real estate and for partition of real estate. Fifth, bastardy and criminal cases, except murder, manslaughter, and homicide. After reciting the foregoing jurisdiction the act provides, "and to the amount and within the limits aforesaid the said county court shall be a court of general jurisdiction, . . ."

It will be seen from the foregoing classification that the legislature specified with particularity the jurisdiction conferred. We do not think the instant case falls within any of the heads above specified. It does not seem to be included under the first head, "claims, demands and sums." This court has repeatedly held that "claims or demands," as used in laws relating to claims against cities, relates only to claims arising on contract. *Mason v. Ashland,* 98 Wis. 540, 74 N. W. 357; *Bradley v. Eau Claire,* 56 Wis. 168, 14 N. W. 10; *Kelley v. Madison,* 43 Wis. 638.

The cause of action set up in the complaint is provided for under a statute, sec. 3180a, to enjoin a public nuisance, and the statute provides that it may be commenced and prosecuted in the circuit court in the name of the state either by the attorney general upon his own information, or upon the relation of a private individual having first obtained leave to commence and prosecute the action. It seems, if the legislature intended that the county court of Iowa county should have jurisdiction of such actions, mention would have been made of it as well as the various other classes of actions which were particularly mentioned.

Of course the county court of Iowa county cannot exercise jurisdiction not conferred by statute. The particular specification of jurisdiction conferred in certain cases excludes the idea that the legislature intended to confer jurisdiction in other cases. An action to abate a nuisance does not fall within any of the classes specified in the statute. If the legislature intended to confer general jurisdiction upon the county court of Iowa county in all cases where the amount involved did not exceed $25,000, it was easy to say so.

Counsel for respondent relies upon *Winchell v. Waukesha,* 110 Wis. 101, 85 N. W. 668. In that case the act (ch. 1, Laws 1899) conferring jurisdiction was quite different from the act conferring jurisdiction under consideration in the instant case. Moreover, in the *Winchell Case* the particular question involved here was not considered, the point considered being whether the amount involved exceeded $25,000.

The court is of opinion that the county court of Iowa county had no jurisdiction of the action, therefore the order appealed from must be reversed.

The county court having no jurisdiction, the order of removal had no effect, and the case remained in the circuit court. We are therefore of opinion that the case must be remanded to the county court with directions to transfer the record to the circuit court for further proceedings in that court; and that all proceedings taken after the filing of the affidavit of prejudice were a nullity; that the circuit court now has jurisdiction and should proceed as if the affidavit were presently filed.

*By the Court.*—The order of the court below is reversed, and the cause remanded to the county court with directions to immediately transfer the record to the circuit court for Iowa county for further proceedings according to law and in conformity with this opinion. No costs are to be allowed either party, except that appellant pay the clerk's fees in this court.