Estate of Anson, 177 Wis. 441.

VINJE, C. J., and ESCHWEILER, J., dissent.

Estate of Anson.

*May 9—June 6, 1922.*

*Courts: Jurisdiction of county courts: Administration of estates: Notice to creditors: Necessity of stating late residence of owner of estate.*

1. The county court, as a creature of the statute, is of limited jurisdiction, and it must appear upon the face of its proceedings that it has acted within the powers granted.

2. Under sub. 3, sec. 3840, and sec. 4050, Stats., providing that upon the granting of administration the notice to creditors shall state the address of the owner of the estate, a notice which failed to state such address in its body is void, and the defect is not cured by the designation in the caption of the county in which the court sat.

3. Said sub. 3, sec. 3840, Stats., requiring notice of the time within which creditors of the owner of an estate may file their claims, does not require the notice to state that if the claims are not filed within the time limited they will be barred.

APPEAL from an order of the county court of Milwaukee county: JOHN C. KAREL, Judge.  *Reversed.*

Probate of the estate of Mary A. Anson in the Milwaukee county court. Deceased died in December, 1920. On January 7, 1921, petition for probate of the will of deceased was filed. The will was admitted to probate, an executor appointed and qualified, an order entered fixing the time for presenting claims, and a notice to creditors issued on the same date. The order provided:

"That the time within which the creditors of said deceased shall present their claims against such estate for examination and allowance be and hereby is fixed and limited to four months from the date hereof."

It further provided:

"That all claims and demands against said deceased be received at the court room of said court on any day hereafter until the expiration of the said four months and be examined and adjusted at the regular term of said court appointed to be held at the court house in said county, in the city of Milwaukee, on the first Tuesday of September, 1921."

It further provided:

"That notice hereof be given to all persons interested, by publication thereof for three consecutive weeks in The Daily Reporter."

Accompanying this order was a notice to creditors reading as follows:

"Notice is hereby given that up to and including the first Tuesday of June, 1921, is fixed as the time within which all creditors of said Mary A. Anson, deceased, shall present their claims for examination and allowance.

"And notice is hereby further given that all such claims for examination and allowance will be examined and adjusted in said county court at the court house in the city of Milwaukee, in said county and state, on the first Tuesday of September, 1921."

The notice was published as required by law.

On August 11, 1921, the appellant presented to the county court a claim against said estate to be filed therein. The filing of the claim was denied by the court on the ground that it was barred by the expiration of the time limited in the order.

On August 27, 1921, appellant filed his petition asking the court to permit the filing of his claim, and before the hearing thereon filed an amended petition setting forth that the order of publication required by sec. 3840, Stats., and the notice of filing claims as provided by sec. 3840m, Stats., had not been made and given as required by law. The petition of appellant was denied. From such denial the appellant appealed to this court.

Appellant assigns as errors: (1) that the order of the court fixing the time for filing claims and providing for publication of notice, and the notice itself as published, are inconsistent and void; (2) that the notice to creditors fails to state the residence or late residence of the owner of the estate as required by sec. 4050, Stats.; (3) that the notice to creditors fails to state the place where claims are to be presented; and (4) that the notice to creditors does not advise creditors that if they fail to present their claims within the time limited they will be barred.

For the appellant there was a brief by *Orren T. Williams*, attorney, and *Williams & Stern*, of counsel, all of Milwaukee, and oral argument by *Burdette F. Williams* and *Orren T. Williams*.

*William W. Wight* of Milwaukee, for the respondent.

CROWNHART, J. The county court is a court of limited jurisdiction. It is a creature of the statute. It must appear upon the face of its proceedings that it acts within the powers granted. *Crawford Co. v. Le Clerc*, 3 Pin. 325.

The statutory requirements to obtain jurisdiction must be

followed with a reasonable degree of strictness. *Heminway v. Reynolds,* 98 Wis. 501, 74 N. W. 350.

To get jurisdiction of the creditors the statutes require (1) that the county court, by order, shall fix a time not less than four months nor more than one year thereafter within which creditors shall present their claims for examination and allowance; (2) that the court shall fix by order a time after the presentation of claims for the examination and adjustment of any claims presented (sub. 1, sec. 3840); (3) that the notice to creditors shall be published as provided by law (sub. 3, sec. 3840); and (4) that the notice shall contain a brief statement of the matter to be heard, sufficient to fairly inform those interested of the nature of the proposed proceeding and the estate involved, *with the residence or late residence of the owner of such estate, and stating the time and place of such hearing* (sec. 4050).

(1) In this case the court's order limited the time to four months from its date, or May 7, 1921. But the notice fixed the date as the first Tuesday of June, 1921. Both the order and the notice were signed by the court.

The notice, although issued on the same day, naturally followed and was subsequent to the order. Under this notice, unless it can be construed to extend the time of the claimants to file their claim up to the first Tuesday in June, the court got no jurisdiction of the claimants. If the order and notice might be so construed, claimants would not be prejudiced. *Austin v. Saveland's Estate,* 77 Wis. 108, 45 N. W. 955. In view of the fact that the case must be reversed on another point and it is unlikely that the same mistake will occur again, we do not decide this question.

(2) But there is a more vital, and we think a jurisdictional, defect in the notices. The notice does not state the residence or late residence of the owner of such estate. The notice does not comply with the statute in this respect, and it must be held to be void for that reason. The trial court held that the defects in the notice were cured by the caption, which reads as follows:

NOTICE TO CREDITORS.

*State of Wisconsin—County Court Milwaukee County—
In Probate.*

In re Estate of Mary A. Anson, Deceased.

That plainly did not cure the insufficiency.

(3) The statute does not require the notice to state that unless claims are filed within the time limited they will be barred, and the court will not read into the statute such a requirement, however desirable such a provision in the notice may be.

(4) The court below was disturbed over the effect of holding that the statutory requirements must be complied with, because of other estates having been distributed under similar notices. We may suggest here that the statute of limitations and the doctrines of laches, estoppel, and collateral attack will prevent any serious disturbance in the settlement of former estates.

*By the Court.*—The order of the county court is reversed, and the cause is remanded with directions to proceed according to law.