LINSCHITZ, Respondent, vs. C. A. NEUBERGER COMPANY, Appellant.

*December 8, 1938—February 7, 1939.*

The cause was submitted for the appellant on the briefs of *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh, and for the respondent on those of *Williams & Williams* of Oshkosh.

MARTIN, J.   The appellant contends that only two issues are involved upon this appeal:

(1) Whether or not the judgment obtained against defendant in Illinois is entitled to full faith and credit in Wisconsin.

(2) Was the service on C. A. Neuberger Company in Illinois sufficient to obtain jurisdiction of the debt owing by it to Amity Silk Corporation or the plaintiff, Linschitz?

The respondent contends that the municipal court of Chicago did not have jurisdiction in the garnishment proceedings of either C. A. Neuberger Company, the garnishee, or of Linschitz, the assignee of the Amity Silk Corporation.

Several questions are discussed in the briefs of counsel which we deem unnecessary to consider or decide. The controlling question in our opinion is: Upon the facts disclosed by the record, did the municipal court of Chicago have jurisdiction over the respondent, Abraham Linschitz, in the garnishment proceedings? From the statement of facts preceding this opinion, it appears that on April 4, 1936, the Amity Silk Corporation duly assigned its account against C. A. Neuberger Company, the appellant herein, to the respondent, Linschitz. That fact was admitted in the pleadings. It was also alleged in the garnishee's answer in the action of Shanklin Manufacturing Company versus Amity Silk Corporation. In that action, the municipal court of Chicago on April 21, 1936, entered an order requiring the plaintiff in said action to notify Linschitz to file an intervening petition within ten days, in which to assert his rights as the assignee of the debt due and owing by C. A. Neuberger Company. So far as the record discloses, it does not appear that a copy of the order or any notice thereof was served upon Linschitz. He made no appearance in the garnishment proceedings. He was a nonresident of Illinois. On April 9, 1936, C. A. Neuberger Company wrote the Amity Silk Corporation as follows:

"April 9, 1936.

"Amity Silk Company,
470 Fourth Ave.,
New York City.

"Gentlemen: We have been notified that your account, amounting to $310.41 which we owe you on invoice of March 23d, has been attached for account due a party in Chicago.

"Papers were served on our vice-president, Mr. Harry Sherman, who lives in Chicago.

"You no doubt have received notification by this time.

"Yours very truly,
"C. A. NEUBERGER Co."

Under date of April 11, 1936, Amity Silk Corporation replied as follows:

"April 11, 1936.

"C. A. Neuberger Co.,
  Oshkosh, Wisconsin.

"Gentlemen: This is to acknowledge your letter received to date. We are surprised that you addressed this letter to us as we no longer own the account since same has been assigned by us on April the 4th to Mr. Abraham Linschitz of 600 Concord avenue, Bronx, New York. No doubt you have already received our letter which we addressed to you on April 6th advising you of this fact.

"We therefore suggest that any further correspondence you may wish to have regarding same be addressed to the present owner of the account as stated in the foregoing. We have forwarded your letter to the present owner, Mr. Abraham Linschitz.

"Very truly yours,
"AMITY SILK CORPORATION."

Assuming that Linschitz received the Neuberger letter of April 9, 1936, above quoted, that would not excuse the failure to serve him with a copy of the order or at least notice of the order entered by the municipal court at Chicago on April 21, 1936.

Sec. 11, ch. 62, of the Illinois Revised Statutes of 1935, provides:

*"Adverse claimants—Notice to:* Sec. 11. If it appears that any goods, chattels, choses in action, credits or effects in the hands of a garnishee are claimed by any other person, by force of an assignment from the defendant, or otherwise, the court or justice of peace shall permit such claimant to appear and maintain his right. If he does not voluntarily appear, *notice for that purpose shall be issued and served on him in such manner as the court or justice shall direct."*

It will be noted that the order of April 21, 1936, does not direct the manner of service. The certified transcript of the

record from the municipal court of Chicago which was offered in evidence upon the trial in the instant action shows the purported notice to Linschitz:

State of Illinois,
   City of Chicago,
   First District.—ss

IN THE MUNICIPAL COURT OF CHICAGO.

Shanklin Manufacturing Company,
  a Corporation,

                   Plaintiff.

    — vs —

Amity Silk Corporation,
  a New York Corporation,

                 Defendant.

C. A. Neuberger Company,
  a Corporation,

                 Garnishee.

No. 465469
Fourth Class

NOTICE.

To: Mr. Abraham Linschitz,
    600 Concord avenue,
    Bronx, New York, N. Y.

Notice Is Hereby Given that an order was entered in the First district of the municipal court of Chicago on the 21st day of April, 1936, requiring that said Abraham Linschitz shall assert whatever right he has by way of assignment or otherwise the account due and owing the C. A. Neuberger Company to the Amity Silk Corporation, a New York corporation, within ten days from the entry of said order; that upon failure to assert said claim in the above-entitled suit he shall be forever barred from enforcing said claim against C. A. Neuberger Company, a corporation.

Witness, Richard Frohlich, this 22d day of April, 1936.

                  Sgn   RICHARD FROHLICH,
(Seal)                                 Clerk.

However, there is no affidavit or certificate by anyone indicating the manner of service of the above notice, or that said notice was ever served upon Mr. Linschitz. The municipal court of Chicago is a court of limited jurisdiction. *People v. Municipal Court,* 359 Ill. 102, 109, 194 N. E. 242. The facts necessary for jurisdiction must affirmatively appear. In 2 Cooley, Const. Lim. (8th ed.) p. 858, the author says :

"When the question is raised whether the proceedings of a court may not be void for want of jurisdiction, it will sometimes be important to note the grade of the court, and the extent of its authority. Some courts are of general jurisdiction, by which is meant that their authority extends to a great variety of matters; while others are only of special and limited jurisdiction, by which it is understood that they have authority extending only to certain specified cases. The want of jurisdiction is equally fatal in the proceedings of each; but different rules prevail in showing it. It is not to be assumed that a court of general jurisdiction has in any case proceeded to adjudge upon matters over which it had no authority; *and its jurisdiction is to be presumed,* whether there are recitals in its records to show it or not. On the other hand, *no such intendment is made in favor of the judgment of a court of limited jurisdiction,* but the recitals contained in the minutes of proceedings must be sufficient to show that the case was one which the law permitted the court to take cognizance of, *and that the parties were subjected to its jurisdiction by proper process."* See cases cited under note 1, p. 859.

The validity of respondent's assignment, which was made several days before the garnishment proceedings were instituted in the municipal court of Chicago, is not questioned by any of the parties. His ownership of the funds assigned cannot be taken from him without due process. Upon the record here there is no showing that the municipal court of Chicago had jurisdiction over respondent in the garnishment proceedings had in that court. We have serious doubt as to whether the court had jurisdiction of the subject matter.

The municipal court of Chicago having no jurisdiction of the respondent, the full-faith-and-credit clause (sec. 1, art. IV, U. S. Const.) does not apply in the instant case. *Thompson v. Thompson,* 226 U. S. 551, 561, 33 Sup. Ct. 129, 57 L. Ed. 347. See cases cited under note 91, p. 354, USCA, Constitution, Part 2.

In *Van Dyke v. Illinois Com. Men's Asso.* 358 Ill. 458, 461, 193 N. E. 490, referring to the full-faith-and-credit clause of the federal constitution, the court said:

"We have held that the record of a judgment rendered in another state may be questioned as to the existence of facts recited therein *which were necessary to give the court jurisdiction. If it is made to appear that such facts did not exist, the judgment will be held to be a nullity."*

In *Jones v. State ex rel. Falligant,* 211 Wis. 9, 13, 247 N. W. 445, referring to the jurisdiction of the municipal court of Racine county, the court said:

"A municipal court is a creature of statute and of limited jurisdiction. It must appear upon the face of its proceedings that it acts within the powers conferred upon it. *Estate of Anson,* 177 Wis. 441, 188 N. W. 479."

We are of the opinion that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.