STATE EX REL. GOODMAN, Respondent, vs. McFADDEN, Appellant.

*September 11—October 10, 1944.*

The cause was submitted for the appellant on the brief of *Lawrence S. Clark* of Tomah and *Otto Bosshard* of La Crosse, and for the respondent on the brief of *Donovan, Gleiss & Goodman* of Sparta.

ROSENBERRY, C. J.   But a single question is raised on this appeal.   The defendant contends that the county court of Monroe county had no jurisdiction of the subject of the

action and was therefore without power or authority to render the judgment complained of. Jurisdiction in civil and criminal matters was conferred upon the county court of Monroe county by ch. 293, Laws of 1919, as amended by ch. 68, Laws of 1927. The section is as follows:

"Section 1. Section 1 of chapter 293 of the laws of 1919 is amended to read: (Laws of 1919) (Chapter 293) Section 1. There is hereby conferred on the county court of Monroe county, jurisdiction in all civil actions and proceedings in law and in equity, concurrent with and equal with the jurisdiction of the circuit court in said county, for all claims, demands and sums and to and concerning all property, not exceeding the sum or value of fifteen thousand dollars; and to the amounts and within the limits aforesaid the said county court shall be a court of general jurisdiction concurrent with and equal to the circuit court of said county in all matters of law, and equity and all special powers which now are or may hereafter be conferred upon the circuit court. Said county court shall have jurisdiction of all actions in said county for the foreclosure of mortgages and mechanic liens, in which the amount claimed does not exceed said sum of twenty-five thousand dollars although the property affected thereby exceeds the said sum and said jurisdiction shall include all actions for divorce or for affirmance or annulment of marriage contracts; and all action for removing clouds and quieting title to real estate and all actions for partition of real estate; and including the power of review of records on *certiorari,* discharging mortgages of record, and such other special powers as are now or may hereafter be conferred by the statutes upon the circuit court, within the above limitations, as belong to and are exercised by the circuit court in and for said county. And said county court shall have jurisdiction in all bastardy actions and in all criminal cases except treason, murder, manslaughter and homicide; and said county court shall have the same powers as said circuit court necessary to the jurisdiction herein conferred of the causes and parties and for the full and complete administration of justice and to carry into effect the judgments and other determinations of said court."

The defendant relies upon *State ex rel. Owen v. Reisen* (1916), 164 Wis. 123, 159 N. W. 747. The appeal in that case was from the county court of Iowa county. Civil and criminal jurisdiction was conferred upon the county court of Iowa county by sec. 1, ch. 339, Laws of 1915. The section reads as follows:

"Section 1. There is hereby conferred on the county court of Iowa county, jurisdiction in all civil actions and proceedings in law and in equity, concurrent with and equal with the jurisdiction of the circuit court in said county, for all claims, demands and sums and to and concerning all property, not exceeding the sum or value of twenty-five thousand dollars; provided, that said county court shall have jurisdiction in all actions in said county for the foreclosure of mortgages and mechanic liens, in which the amount claimed does not exceed the sum above mentioned, although the property to be affected by the judgment exceeds the sum of twenty-five thousand dollars in value; and of all actions for divorce or for affirmance or annulment of marriage contracts; and all actions for removing clouds and quieting title to real estate and all actions for partition of real estate; and in all bastardy actions and in all criminal cases except murder, manslaughter and homicide; and to the amount and within the limits aforesaid the said county court shall be a court of general jurisdiction, with the same power and jurisdiction in all civil and criminal actions and proceedings, and including the power of review of records on *certiorari*, discharging mortgages of records, and such other special powers as are now or may hereafter be conferred by the statutes upon the circuit court, coming within the above limitations, as belong to and are exercised by the circuit court in and for said county."

In that case, this court held that the cause of action was one to enjoin a public nuisance. After quoting the statute, the court said (pp. 125, 126):

"It will be seen from the foregoing classification that the legislature specified with particularity the jurisdiction conferred. We do not think the instant case falls within any of

the heads above specified. It does not seem to be included under the first head, 'claims, demands and sums.' This court has repeatedly held that 'claims or demands,' as used in laws relating to claims against cities, relates only to claims arising on contract. . . . It seems, if the legislature intended that the county court of Iowa county should have jurisdiction of such actions, mention would have been made of it as well as the various other classes of actions which were particularly mentioned. . . . An action to abate a nuisance does not fall within any of the classes specified in the statute."

It is to be noted that the language of sec. 1, ch. 68, Laws of 1927, conferring civil and criminal jurisdiction, uses language quite different from that contained in sec. 1, ch. 339, Laws of 1915. It was provided in sec. 1, ch. 68, Laws of 1927:

"and to the amounts and within the limits aforesaid the said county court shall be a court of general jurisdiction concurrent with and equal to the circuit court of said county in all matters of law and equity and all special powers which now are or may hereafter be conferred upon the circuit court."

No comparable language is to be found in ch. 339, Laws of 1915, conferring jurisdiction upon the county court of Iowa county.

This case is ruled by *Jones v. State ex rel. Falligant* (1933), 211 Wis. 9, 247 N. W. 445.

It may well be that the language of the section is not apt and somewhat confusing. However, if a case arises involving a matter of law and equity within Monroe county, the county court has general jurisdiction thereof, provided the value of the property involved does not exceed $15,000. Jurisdiction of all matters of law and equity is a broad term and includes all actions and special proceedings of whatever nature which may be brought in the circuit court.

The additional clauses of sec. 1, ch. 68, Laws of 1927, are set out for greater certainty. In the absence of those pro-

visions it might be argued that a foreclosure in which the property pledged was worth more than $15,000 was not within the jurisdiction of the county court.

*By the Court.*—Judgment affirmed.