Sass, by Guardian *ad litem,* and another, Appellants, vs. Sass, Respondent.

*November 15—December 19, 1944.*

*John P. McGalloway* of Fond du Lac, for the appellants.
*John E. O'Brien* of Fond du Lac, for the respondent.

FOWLER, J. In an action pending in Fond du Lac county brought by Geraldine Sass against Edward Sass, a judgment of divorce was granted November 15, 1940, and the custody of an infant child was awarded to the mother. The mother and the child thereafter lived with the mother's parents. On going to California in 1943 to spend the winter the mother left the child with her parents in Fond du Lac. While in California the plaintiff married and subsequently was accidentally killed. The defendant at the time of the marriage and death was in the armed service of the United States stationed in Nebraska, and did not learn of the marriage or death until in Fond du Lac on furlough early in 1944. He then filed a petition in the original divorce suit stating the above facts and asked for an order amending the divorce judgment to award the child to him. On this petition an order was issued requiring the grandparents to show cause why the judgment should not be changed and the grandparents ordered to surrender possession of the child to the father. On filing the petition the father returned immediately to his army station in Nebraska, and the order to show cause was served thereafter on the grandparents. It was returnable April 15, 1944. To the petition the grandparents filed an answer and counterpetition in which they asked that the custody of the child be given to them. On April 6th, after the father had left Fond du Lac for his army station, George Boulay, the father of the child's deceased mother, filed with the county court of Fond du Lac county a petition for his appointment as guardian of the child. An *ex parte* order was forthwith entered granting the petition, and letters of guardianship were issued appointing him guardian of both the property, alleged as of $500 value, and the person of the child. Notice of this appointment was thereafter served by mail on the child's father at his army station as provided by sec. 319.02 (4), Stats., but no notice of the filing of the petition or that an application for

appointment of a guardian was theretofore given.    The father did not appear in the county court to move the setting aside of the letters of guardianship or otherwise.

Pursuant to the order to show cause, hearing was had on the petition of the father and the counterpetition.    The fact of the appointment of the grandfather George Boulay as guardian by the county court was proved and one hundred forty-seven typewritten pages of testimony received in support of the claims of the respective parties.    Upon this evidence the trial judge found that the father is a "proper and suitable person to have the exclusive care and custody of the child" who was at that time three years and nine months old; that the maternal and paternal grandparents occupy suitable modern homes in Fond du Lac which are suitable homes in which to place the child during the absence of the father; and the evidence, which we perceive no need to repeat, was ample to support these findings.    Upon these findings the court entered judgment vesting the custody of the child, Sharon Sass, "exclusively in its sole surviving parent, the father, Edward Sass," altering the terms of the original divorce judgment as to the custody of the child accordingly, and directing the maternal grandparents to surrender possession and custody of the child to Edward Sass or such person for him as he should direct in writing.

The appellants claim that after the mother's death the trial court had no jurisdiction to change the judgment.    It could not change the judgment so far as it affected the marriage status.    *Hirchert v. Hirchert,* 243 Wis. 519, 11 N. W. (2d) 157.    Maybe it had no jurisdiction to amend the terms of the original judgment so far as it awarded the child's custody to the mother by striking that provision and substituting therefor a provision granting custody to the father.    But it is just as plain that it had jurisdiction to adjudge the custody of the child

in the father by reason of sec. 319.03, Stats. That section reads:

"The father and mother of the minor, if living together, and if living apart then either as the court may determine for the best interests of the minor, and in case of the death of either parent the survivor being competent and suitable, shall be entitled to the custody of the minor, and to the care of his education. If the minor has no father or mother living or he or she or both be incompetent or unsuitable, some other person shall be appointed guardian."

It follows from this statute that if the person having the child's custody refuses to give it to the father any court of general jurisdiction to which application is made has jurisdiction to determine the facts and award the custody according to the facts found. This is usually done in *habeas corpus* proceedings and the facts stated in the father's petition were sufficient to entitle the father to the writ. The trial court had jurisdiction of the subject matter of the action. It was of course necessary that the court have jurisdiction of the persons from whose custody the child was taken, but those persons, the parents of the mother, voluntarily appeared in the proceeding and expressly invoked the jurisdiction of the court to confirm the custody in them. A court having jurisdiction of the subject matter of an action or proceeding, and having jurisdiction of the persons against whom relief is demanded, will entertain jurisdiction to give the relief, regardless of the theory of the pleader, and regardless of the form of the proceedings in which relief is sought, whenever the pleadings before it show the person asking relief entitled to it. The case being before the court, the court will not throw the complainant out merely because he entered by the wrong door. This has not been done since the enactment of ch. 219, Laws of 1915, now sec. 269.52, Stats., whether it was theretofore done or not. The judgment is sustainable on the ground that it is in effect one in *habeas corpus*.

Another point raised is that the father of the mother of the child was appointed guardian of the property and person of the child by an order of the county court before the order to show cause herein was returnable. The letters of guardianship seem to have been granted upon strict compliance with sec. 319.02 (4), Stats. But no notice was given to the father of the application for appointment of a guardian. For want of such notice to the father he was denied due process of law. Under sec. 319.03, above quoted, on the death of the mother the father being "competent and suitable" became absolutely "entitled to the custody of the minor and to the care of its education." That statute vested in the father the custody of the child and the right to its possession, and sec. 319.02 (4), so far as it would by its terms deprive him of that possession without notice, is inoperative.

The judgment would also seem probably sustainable under *Guardianship of Tank,* 129 Wis. 629, 109 N. W. 565, where a father who had been granted the custody of a child by a judgment of divorce had died and the mother applied to the circuit court that rendered the divorce judgment for an order granting her the child's custody, and the court granted her application. But the question of jurisdiction of the circuit court arises in view of the fact that sec. 319.02, Stats., gives jurisdiction to the county court of guardianship proceedings, and *Cawker v. Dreutzer,* 197 Wis. 98, 221 N. W. 401, holds that the circuit court, although having general equity jurisdiction of a subject matter, should not exercise it where the county court is given jurisdiction, unless the remedy of the circuit court is more efficient and complete than that of the county court. This point was not raised or discussed in the *Tank Case, supra,* nor is it briefed here. We therefore rest our decision as to jurisdiction on what is said in the above paragraphs.

The only other claim made by appellants is that the judgment appealed from is erroneous because the welfare of the

child required that it be left with the mother's parents where it has always lived; that placing the child with the father's parents, where he would place it if the custody were awarded to him, would disrupt the family relation that has always existed between the child and the mother's parents, and would be such a shock to the child as to affect its welfare. Such change would perhaps temporarily cause the child some emotional disturbance. But that this would permanently affect its welfare does not follow as matter of law. Whether it would is matter of fact. The trial judge saw and heard the witnesses and he is the judge of their credibility. He found that the father was "proper and suitable" and that the father's parents were of good character and able to take proper care of the child; that their home was a suitable home in which to place the child; and that they were suitable persons to have its care. These findings are amply supported by the evidence, and they and the judgment based thereon are conclusive.

The part of the judgment deciding the right of the father as to the child's custody is as follows:

"*It is ordered, adjudged and decreed* that the relief prayed for in the verified petition be and the same is hereby granted, and *that the custody of the child, Sharon Sass, is hereby vested exclusively in its sole surviving parent, the father, Edward Sass,* and that the terms of the original divorce judgment as to the custody of the child be and the same are hereby altered and modified accordingly."

We have italicized the part of the paragraph that is material to such decision. We consider that the part of the paragraph not italicized should be deleted. The paragraph is therefore modified by striking out the part thereof not italicized and as so modified should be affirmed.

*By the Court.*—The judgment of the circuit court is modified as indicated in the opinion and as so modified is affirmed. Respondent will recover costs.