SISKOY, Respondent, vs. SISKOY, Appellant.

*April 9—May 13, 1947.*

*Robert J. Gunnis* of Milwaukee, for the appellant.
*Sydney M. Eisenberg* of Milwaukee, for the respondent.

FAIRCHILD, J. The evidence in relation to appellant's character and course of conduct is more than sufficient to sustain the decision that because of his habits he was not a suitable person to be intrusted with the responsibility of the care and custody of his son.   As the learned trial judge points out, appellant has no facilities for providing a properly supervised home for his children.   Before his marriage to respondent, he had been unable to get along for any length of time with housekeepers whose services he was able to obtain.   He was on several occasions arrested for drunkenness and disorderly conduct.   Because he would have to be employed to support his family and because of his habit of being away from home in the evening, the children would be shifting for themselves if left to his custody.   In addition, it appears that the son had developed a dislike for his father and had expressed the desire to re-

main in the care and custody of respondent. It was, in view of these circumstances, well within the settled law of this state for the court to award the custody of appellant's son to the respondent, the welfare of the child being the controlling consideration in so doing. *Jensen v. Jensen* (1919), 168 Wis. 502, 170 N. W. 735; *Guardianship of Bare* (1920), 170 Wis. 543, 174 N. W. 906; *Jones v. State ex rel. Falligant* (1933), 211 Wis. 9, 247 N. W. 445; *Application of Rattel* (1943), 244 Wis. 261, 12 N. W. (2d) 135; and *Sass v. Sass* (1944), 246 Wis. 272, 16 N. W. (2d) 829, are all cases which enunciate the general principle that consideration of the welfare of the child is paramount to legal rights a parent might otherwise have to the custody of his child. This same idea is expressed in sec. 319.03, Stats., entitled, "Parents as guardians," where it is said : "If the minor has no father or mother living or he or she or both be incompetent or unsuitable, some other person shall be appointed guardian."

The fact that the court awarded the custody of his minor daughter to appellant does not negate the decision that appellant was not a suitable guardian for his son. The daughter was hostile to the respondent and at the time of the trial was living in another home. Although nominally she was permitted to remain in her father's legal custody, this was all subject to the supervision of the department of domestic conciliation.

The record quite positively shows that the trial court made a fair and equitable adjustment of property rights, especially in view of the provision that was made for respondent to have the care and custody of appellant's son. During the marriage respondent contributed heavily to the maintenance of the home. In awarding certain household furniture to her and in divesting appellant of his interest in the real estate which the parties had held as joint tenants (at the same time requiring respondent to pay to appellant the value of his interest), the court did what sec. 247.34, Stats., permitted it to do. That section pro-

vides that the court in rendering a judgment annulling a marriage may make a just and reasonable restoration of property to the individual parties. There appears to be no occasion here for disturbing the result reached below.

*By the Court.*—Judgment affirmed.