SILAS FRANKLIN McKEE, petitioner, v. HONORABLE TOM K. MURROW, respondent.

No. 47546.

(Reported in 40 N.W. 2d 924)

FEBRUARY 7, 1950.

Raymond E. Hanke, of Des Moines, and Conly K. Stevens, of Dallas, Texas, for petitioner.

Hall, Galloway & Swanson, of Des Moines, for respondent.

MULRONEY, J.—This case involves further proceedings had after our opinion in McKee v. McKee, 239 Iowa 1093, 32 N.W. 2d 379. This former opinion will serve as a statement of the factual background up to the time of the present controversy. On September 30, 1948, a few days after procedendo had issued in the above case, Lorraine McKee, the plaintiff in the divorce action, filed, in said action, her application for modification "of the former decrees, judgments and orders regarding the custody of Mary Lou McKee," alleging a change of circumstances and conditions relating to the custody of Mary Lou McKee and praying that the exclusive care, custody and control of Mary Lou

McKee be placed in the plaintiff in said divorce action. The trial court on the same day made an order setting the application down for hearing on October 25, 1948. Thereafter on October 4, 1948, a supplemental decree was entered pursuant to the said procedendo which dismissed the early application for modification filed by plaintiff, Lorraine (which was the subject of our former opinion), and, in accordance with our former opinion, the custodial provisions of the Texas decree in favor of defendant in the divorce action, Silas McKee, were carried into the said supplemental decree. Thereafter Silas McKee filed his answer and resistance to the September 30 application for modification and by said answer and amendment thereto denied the change of conditions and asserted the "court has no jurisdiction of the subject matter of this proceeding, namely the custody of Mary Lou McKee" because of the Texas decree awarding custody to Silas and the former opinion of this court which awarded full faith and credit to that decree, and the supplemental decree of October 4, 1948, entered in accordance with that opinion. The answer and resistance also alleged the court was without jurisdiction because "the domicile of said minor child, as a matter of law, is now in the State of Texas, said state being the state of domicile of defendant [Silas] herein." The trial court (Judge Tom K. Murrow) reserved ruling on the legal question as to jurisdiction, and after trial on the fact question as to change of conditions, the trial court held it did have jurisdiction and found that there had been a "material and substantial change" in the conditions since the earlier decree, appealed from in the former case. Thereafter the trial court entered a modification of the decree of October 4, 1948, holding it "had jurisdiction of the parties and subject matter, including the minor child" and that plaintiff, Lorraine, had established by a preponderance of the evidence that there had been a substantial change and improvement in the home of plaintiff "which has been of direct benefit to the minor child, Mary Lou McKee, and such as to make it expedient that she be kept in the home of plaintiff and that she remain in the exclusive care, custody and control of her mother." The decree placed the exclusive custody in Lorraine and gave Silas rights to visit the child at reasonable times and rendered

judgment against Silas of $25 a month for support of the child, commencing July 1, 1949.

The defendant, Silas McKee, did not appeal from the above decree but he filed his petition in this court for a writ of certiorari, asserting Judge Murrow exceeded his jurisdiction in entering such decree. We granted his preliminary writ and the case is now here for review only on the jurisdictional question. The record before us, which is the respondent's return to the preliminary writ, does not contain the testimony bearing on the fact question of a change of circumstances and conditions, and we are not asked to review the court's conclusion in this regard. The petitioner, Silas McKee, in his brief states: "whether or not there has been a substantial and material change in circumstances surrounding the custody of the child since the time of the Texas decree is not a matter before this court, and should not be taken into consideration by the court, for the reason that the Texas court, and not the Iowa court, has jurisdiction to pass upon these propositions * * *." In other words, it is petitioner's argument that even if there be such a change of circumstances and conditions as to the custody of Mary Lou which would warrant the Iowa court in concluding it expedient to make a change, still the Iowa court would be without jurisdiction because Texas has the sole jurisdiction to pass upon such change of circumstances and conditions.

In Silas McKee's brief six propositions are relied upon to sustain the writ but they are more or less argued together and we think they can be stated in the two propositions urged in the answer and resistance filed below, namely: (1) the court was without jurisdiction because of the Texas decree and our former opinion granting to it full faith and credit, and (2) the court was without jurisdiction because the domicile of the child was that of its father in Texas. There does not seem to be much point made in the arguments that the modification of decree was a modification of a supplemental decree that was entered October 4, 1948, after the original application for modification was filed. There was an amendment to the original application filed after October 4, 1948, and of course the supplemental decree of October 4, 1948, merely reinstated the Texas decree of August 29, 1946, as to custodial provisions.

438

■■ 1. At the outset we must bear in mind that this is still the divorce action of Lorraine McKee v. Silas McKee bearing number 29119 in the district court of Polk County, Iowa. In this divorce action, which was contested, the plaintiff, Lorraine, was granted a divorce and the permanent custody of the child, Mary Lou, by a decree dated January 16, 1946. Silas was given the right to have the child one month in July or August and judgment was rendered against him for support of the child in the sum of $25 a month. Mary Lou, who was born April 7, 1944, has always lived with her mother in Iowa except for about thirty-seven days when she was with her father, as shown in the former opinion.

The complete answer to the narrow jurisdictional question now before us is the statute giving the trial court the jurisdiction to make subsequent changes in custody orders in divorce actions. Section 598.14, Code, 1946, provides:

"When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right.

"Subsequent changes may be made by it in these respects when circumstances render them expedient."

The father's entire argument that the above statute does not apply is that the Iowa court, in some manner, lost all further jurisdiction as to the custody of Mary Lou when the Texas court rendered its decree in habeas corpus in August of 1946. It is rather interesting to note that the Texas decree stated in part as follows:

"It further appearing to the court from the pleadings and the evidence heard that the change of conditions and circumstances with reference to the care and custody of the minor child, Mary Lou McKee, since February 21, 1946 warrants this court to award the exclusive custody of such child, Mary Lou McKee, to the plaintiff, Silas Franklin McKee, as against Lorraine McKee Kuhns."

In other words, the father's argument is that upon a proper showing of "change of conditions and circumstances" the Texas court could change the original order of custody of the Iowa

court but thereafter the Iowa court, with the child and its parents before it, could not, on a proper showing of change of circumstances and conditions since the Texas decree, make any order that changed the Texas custody order.

We confess complete inability to follow such an argument. It is unnecessary to go into the question of the faith and credit that should be given to the Texas decree. Our former opinion merely held it was entitled to full faith and credit because it was not properly assailed. We can give it the same faith and credit that the Texas court gave our decree. We can admit for the purpose of this contention that the Texas court in August of 1946 had the jurisdiction on a proper showing of change of circumstances and conditions to change the Iowa custody order. The same argument that would sustain the jurisdiction of the Texas court to make a custody order on changed conditions would sustain the jurisdiction of the Iowa court to make a custody order on changed conditions. Again we make no pronouncement as to the validity of the Texas decree. In our former opinion we upheld it because it was not attacked. We now say that if it is valid it is not entitled to superior standing. Changed conditions are just as much a ground for a change in a custody order in Iowa as they are in Texas. If Texas can change an Iowa order of custody on a showing of changed conditions, then Iowa can surely change a Texas order of custody on a similar showing. In fact the Iowa jurisdiction—and that is all that we are concerned with on this review—is much more easily sustained. This is not a new action. It is a continuation of the original divorce action. The proceedings are merely supplementary or auxiliary to the divorce action. Franklin v. Bonner, 201 Iowa 516, 207 N.W. 778. The same parties are all before the court that were there when the original divorce action was tried and decided. In the last-cited case we held the statute (now section 598.14) *reserves* in the court not only the jurisdiction as to the subject matter of custody, but also jurisdiction as to the parties. We hold the rendition of the Texas decree, even assuming said decree to be valid, did not deprive the Iowa court of jurisdiction to hear and render judgment in further proceedings in the divorce action with respect to custody of Mary Lou.

II. There is no merit in the second proposition that the

court did not have jurisdiction because the domicile of the child was that of its father in Texas. The same argument would defeat the validity of the Texas decree, for at the time of the entry of that decree the domicile of the child was that of the mother in Iowa. But again we point out this is not any new or independent action. Jurisdiction attached at the time of the divorce action, and under the statute it is *reserved* as to custody orders and, upon proper showing of subsequent changes in circumstances, changed orders of custody may be made.

This case is much stronger than Pelton v. Halverson, 240 Iowa 184, 35 N.W. 2d 759, where we held actual legal residence of the children in this state with grandparents (the mother being dead) would be sufficient as against the father's legal domicile in a foreign state. That was an independent action in habeas corpus. This action is merely a continuation of the divorce action. Jurisdiction in a divorce action is not defeated by reason of a defendant being a resident of another state. Admittedly the court at all times had jurisdiction of the parties to the divorce action. With that jurisdiction established and the child in the state of Iowa it cannot be argued the court would be without jurisdiction in the same divorce action to make a custody order with respect to the child born of the marriage of those parties. 27 C. J. S., Divorce, section 303.

Under the whole record we hold the court did have jurisdiction to make a proper order of custody. The writ is annulled.—Writ annulled.

BLISS, C.J., and HALE, OLIVER, GARFIELD, and SMITH, JJ., concur.