JOHN R. PARKS, appellant, v. JACQUE LEE PARKS, appellee,
MARY ANN PARKS, intervenor.

No. 51730.

(Reported in 135 N.W.2d 625)

JUNE 8, 1965.

Virgil O. DeWitt of Pizey, Sears & DeWitt, of Sioux City, for intervenor-appellant.

Don W. Thompson and Wayne C. Prichard of Hess, Pendleton & Thompson, of Sioux City, for defendant-appellee.

STUART, J.—The question before us here is whether the Iowa court, which granted a decree of divorce and awarded custody of the child to the father, has jurisdiction to entertain a petition of intervention in said divorce action by the stepmother seeking an award of custody as against the natural mother after the father's death, when none of the parties is domiciled in or residents of the state of Iowa.

On June 18, 1954, John Parks was granted a decree of divorce from defendant-appellee by the district court of Woodbury County, Iowa. He was awarded custody of their eighteen-month-old son. On May 3, 1955, he married the intervenor-appellant and in August 1955 he received permission of the court to take the child to Minnesota, where he, the child and the stepmother lived until his death on August 26, 1964. The child has continued to live in Minnesota with his stepmother.

Two days after Mr. Parks' death, attorneys for the natural mother wrote the attorney for the stepmother demanding delivery of the custody of the child. On September 10, 1964, the stepmother, as intervenor, filed her petition to modify the divorce decree which had awarded the custody to her deceased husband. In addition to the above facts she alleged the natural mother, a resident of Arizona, had wholly abandoned the child and was not a fit and proper person to have his care and custody.

The natural mother filed a special appearance attacking the jurisdiction of the Woodbury County District Court over the subject matter and parties for the reasons that: "John R. Parks, to whom custody of the minor child was awarded, is now deceased, and neither the said minor child nor defendant nor the intervenor is a resident of or domiciled in the State of Iowa."

The trial court sustained the special appearance on the ground the court did not have jurisdiction of the subject matter.

Appellant relies upon section 598.14, Code of Iowa, and the

rule stated in many cases that the court retains jurisdiction in a divorce action to modify the decree as to child custody upon a showing of a change in conditions making such modification for the best interest of the child. Andrews v. Andrews, 15 Iowa 423, 425; Blachly v. Blachly, 169 Iowa 489, 151 N.W. 447; Franklin v. Bonner, 201 Iowa 516, 207 N.W. 778; Helton v. Crawley, 241 Iowa 296, 315, 319, 41 N.W.2d 60, 71, 75; McKee v. Murrow, 241 Iowa 434, 40 N.W.2d 924; Van Gundy v. Van Gundy, 244 Iowa 488, 56 N.W.2d 43; York v. York, 246 Iowa 132, 143, 67 N.W.2d 28, 34.

We have examined these authorities and others cited by appellant and find they do not reach the specific problems facing us. In none of the cited cases was either of the parties to the original divorce action deceased. Consequently, the effect of that event upon the continuing jurisdiction of the court was not in issue. Andrews v. Andrews, 15 Iowa 423, decided in 1863, is the only case in which none of the parties nor the child in question was living in Iowa at the time of the action. In Andrews, when both parties were living, we held (at page 425) that removal of the parties from the state did not deprive our courts of jurisdiction once duly acquired "as long as the first judgment remains unexecuted".

■ We need not reexamine the Andrews case in the light of modern developments as the majority rule seems to be that the death of one of the parties to a divorce terminates the jurisdiction of the court over the subject matter.

"Although there is some authority apparently to the contrary, it is generally the rule that on the death of a parent the power of the court over custody of the child derived from the divorce action, together with the effectiveness of the decree, terminates." 27B C. J. S. 490, Divorce, section 314.

Similar language is used in stating the prevailing view in the annotation found at 74 A. L. R. 1357. The annotation in 39 A. L. R.2d 278 states it is clearly "the majority view, notwithstanding the usual statutory provisions to the effect that the divorce court may change its custody provisions from time to time as circumstances require."

Among the cases and jurisdictions so holding are: Leclerc

v. Leclerc, 85 N. H. 121, 155 A. 249, 74 A. L. R. 1348; State ex
rel. Gravelle v. Rensch, 230 Minn. 160, 40 N.W.2d 881; State ex
rel. Burris v. Hiller, 258 Minn. 491, 104 N.W.2d 851; State ex
rel. Gregory v. Superior Court of Marion County, 242 Ind. 42,
176 N.E.2d 126, 130; Baram v. Schwartz, 151 Conn. 315, 197
A.2d 334; Volz v. Abelsen, 190 Ore. 319, 225 P.2d 768; Hughes
v. Bowen, 193 Okla. 269, 143 P.2d 139; Shepler v. Shepler, Mo.
App., 348 S.W.2d 607; Schumacher v. Schumacher, Mo. App.,
223 S.W.2d 841, 845.

In Cone v. Cone, Fla., 62 So.2d 907, the Florida court flatly
rejected the majority rule. Cases from Alabama and Illinois
seem to join Florida, but in these jurisdictions considerable
emphasis was placed upon the fact that the equity courts had
jurisdiction of the subject matter and the form of the action was
unimportant.

In Jarrett v. Jarrett, 415 Ill. 126, 132, 112 N.E.2d 694, 697,
39 A. L. R.2d 254, 257, the Illinois court said:

"The court which entered the decree in this case had juris-
diction of the subject matter, the custody of the child, whether
the case in which it exercised that jurisdiction bore the title of
the divorce case or the caption of an independent habeas corpus
proceeding. [Citing cases] * * * Like the Kansas court, we are
inclined to feel that 'The form of the proceeding is not very
material'."

In Snead v. Davis, 265 Ala. 229, 231, 90 So.2d 825, 826, 827,
the Alabama court, after saying the jurisdiction of the divorce
courts over custody matters continued during minority, stated:
"The purpose of the proceeding fixes its character. It is imma-
terial how the power of the court is invoked, if the facts suffi-
ciently appear and appropriate relief is prayed for."

The annotation in 39 A. L. R.2d on page 260 lists Iowa as
having intimated it would follow the majority rule on the basis
of In re Smith's Guardianship (1916), 158 N.W. 578. (Not
reported officially.) In this guardianship matter we stated:

"The mother of Edna May Smith is dead. She had been
awarded custody of the child in decree of divorce. This said no
more than that she was a more suitable person to care for the
child than the father. As between the latter and anyone else

there was no issue. Now that the mother is dead, he is her natural guardian * * *."

■■ ■ We have found no Iowa cases and none has been called to our attention in which we have considered the effect of the death of the parent having custody upon the jurisdiction of our courts over the subject matter in the divorce action. We believe the reasoning of the majority rule is more sound and therefore hold that upon the death of the party granted custody of a child by decree of divorce, the jurisdiction of the court granting such divorce terminates, so far as the right to make further determination of the custody of the child is concerned. Habeas corpus is the proper remedy.

Appellant does not urge us to adopt the minority view but argues that the form of the action is immaterial and we should take jurisdiction because the child was present in the state and before the court. Helton v. Crawley, 241 Iowa 296, 318, 41 N.W. 2d 60, is cited in support of this position. There we said: "* * * all that is necessary is the presence of the infants in the State— that they are within its borders", then "in any litigation involving the custody of the infant, be it divorce, habeas corpus, or other proceeding in equity, the State injects itself as a vitally interested third party."

Appellant says "when he was brought into court and the parties involved were properly before the court, the court had the duty to assume jurisdiction no matter how or by what form of action the matter arose and it was the duty of the court to make such disposition of the matter as would be for the best interests of the child and as has been so often said; the sole criteria is the protection due the incompetent or helpless".

The Illinois case and the Alabama case referred to above stressed the general jurisdiction of the court while finding jurisdiction in the divorce action. The Wisconsin court accepted this argument but followed the majority rule. In Sass v. Sass, 246 Wis. 272, 276, 16 N.W.2d 829, 830, the court conceded it was not proper to attempt to amend the custody provisions of a divorce decree after the death of a custodian, but held the court had general jurisdiction of the subject matter although the action should have been habeas corpus, saying: "The case being before

the court, the court will not throw the complainant out merely because he entered the wrong door. * * * The judgment is sustainable on the ground that it is in effect one in habeas corpus."

Were we confronted with the same factual situations as these courts we would be inclined to follow the lead of the Wisconsin court and disregard "the door" by which appellant entered the court. There is, however, a highly disturbing difference between the case before us and all of the cases referred to including Helton v. Crawley, supra. In those cases, the child and at least one of the parties were residents of the state where jurisdiction was taken. Habeas corpus proceedings could have been instituted and jurisdiction obtained over the parties in such action. Another "door" was available, but not used.

Here none of the parties lives or maintains a legal residence in Iowa. The child was in Iowa only for the purpose of attending the hearing on the special appearance challenging jurisdiction. There is no suggestion the child was abandoned or neglected in Iowa or that the circumstances were such the Iowa courts should take jurisdiction for the immediate protection of the child. The reasons for the state to insert itself into the proceeding as an interested third party and assume the position of "parens patriæ" do not exist here. We do not believe the child's presence in the state under these circumstances would justify the Iowa courts in taking jurisdiction in habeas corpus. Counsel for appellant was unable to suggest any "door" other than the attempt to modify the divorce decree by which appellant could invoke the jurisdiction of the Iowa courts.

Since we have held jurisdiction in the divorce matter terminated with the death of Mr. Parks, the Iowa courts have no jurisdiction of the subject matter. Under these facts appellant is attempting to lift herself by her own bootstraps. This is not a case of choosing the wrong door. It is an attempt to enter the Iowa courts through the only door available only to find it has been locked by the death of one of the parties. Had habeas corpus or some other form of equitable relief been available and appellant merely chosen to proceed in the divorce matter, a different result might have been reached. We cannot, however, take

jurisdiction of the subject matter when there is no form in which it could have been brought to confer jurisdiction.

The trial court is therefore affirmed.—Affirmed.

All JUSTICES concur.