THOMAS FARMER, Respondent, *v.* THE NATIONAL LIFE ASSOCIATION of Hartford, Conn., Appellant.

While a special or qualified appearance of a defendant in an action for the purpose of making some motion, or taking some step therein which does not amount to a recognition of the jurisdiction of the court of his person, may not affect his right to move to vacate the service of process upon him, he waives that right when he becomes an actor in the suit and institutes a proceeding which has for its basis the existence of an action to which he must be a party; he thereby submits himself to the jurisdiction of the court, and no disclaimer which he may make upon the record will defeat the consequences of his act.

Defendant, a foreign insurance company, took the proceedings required by the Federal Judiciary Act to remove this action into the U. S. Circuit Court; the record was removed to that court and filed with its clerk, but the action was subsequently remanded to the state court. Thereafter defendant moved to set aside the service of the summons and complaint on the ground that there had been no legal service thereof and that an admission of service signed by the superintendent of insurance as its attorney did not comply with the provisions of the Code of Civil Procedure (§ 434). *Held,* that the motion was properly denied; that defendant necessarily submitted itself to the jurisdiction of the state court by the proceedings for removal, as there could be no transfer unless there was an action pending; and that the legal effect of this acknowledgment of jurisdiction was not avoided by the declaration of defendant's attorney in appearing in the proceeding that his appearance was special and only for the purpose of removal.

(Argued April 24, 1893; decided May 5, 1893.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made November 3,

1892, which affirmed an order of Special Term denying a motion by defendant to set aside the service of the summons and complaint herein.

This was an action upon a policy of insurance issued by defendant.

The facts, so far as material, are stated in the opinion.

*Roger Foster* for appellant. This court has jurisdiction of this appeal. (*Taylor* v. *G. S. P. L. Assn.*, 32 N. E. Rep. 992; *Kamp* v. *Kamp*, 59 N. Y. 212, 222, 223; *Matthews* v. *Tufts*, 87 id. 568; *Person* v. *Grier*, 66 id. 124.) The question is *res adjudicata*. (*Farmer* v. *N. L. Assn.*, 50 Fed. Rep. 829.) The filing of a petition for the removal of a cause from a state to a federal court, and the proceedings upon such a petition, are not the equivalent of a general appearance, and after such a removal and a remand, the defendant may move to set aside the service of process upon the ground of a defect or irregularity in the process or in the service of the same. (*Schwab* v. *Motley*, 47 Mich. 512; *Friedlander* v. *Pollock*, 5 Coldw. 490; *Parrott* v. *A. G. L. Ins. Co.*, 5 Fed. Rep. 391; *Atchison* v. *Morris*, 11 id. 582; *Small* v. *Montgomery*, 17 id. 865; *Miner* v. *Markham*, 28 id. 387; *Perkins* v. *Hendryx*, 40 id. 657; *Golden* v. *Morning News*, 42 id. 112; *P. L. & W. Co.* v. *Baskin*, 43 id. 223; *Clews* v. *W. I. Co.*, 44 id. 31; *Reifsnider* v. *A. I. P. Co.*, 45 id. 433; *Bentlif* v. *L. & C. F. Corp.*, 44 id. 667; *Forrest* v. *U. P. R. Co.*, 47 id. 1; *Ahlhauser* v. *Rutter*, 50 id. 705; *Bowers* v. *Dun*, 51 id. 138; *McGillen* v. *Chaflin*, 52 id. 57; *York* v. *Texas*, 137 U. S. 15; *Bushnell* v. *Kennedy*, 9 Wall. 387; *Sweeney* v. *Coffin*, 1 Dill. 73.) The service by mail was insufficient. (*Farmer* v. *N. L. Assn.*, 50 Fed. Rep. 829; Code Civ. Pro. §§ 431, 432.) If the statute provided that service by mail upon the superintendent of the insurance department would be valid to bind the defendant, the statute was an infringement of the Constitution of the United States, and consequently void. (*Pennoyer* v. *Neff*, 95 U. S. 714.) The superintendent of the insurance department had no power

to waive any irregularity in the service or to give any admission of service. (*Farmer* v. *N. L. Assn.*, 50 Fed. Rep. 829 ; *Herndon* v. *Ridgway*, 17 How. [U. S.] 424 ; *Craighead* v. *Peterson*, 72 N. Y. 279 ; *Rossiter* v. *Rossiter*, 8 Wend. 494 ; *Danby* v. *Coutts*, L. R. [29 Ch. Div.] 500 ; *Hodge* v. *Combs*, 1 Black [U. S.], 192 ; *Clark* v. *Morrison*, 85 Ga. 229 ; *Amy* v. *Watertown*, 130 U. S. 301 ; *Butterworth* v. *Hill*, 114 id. 128 ; *Pollard* v. *Wegener*, 13 Wis. 636 ; *Wright* v. *Douglass*, 3 Barb. 555 ; *C. C. Co.* v. *Sherman*, 8 Abb. Pr. 243, 245 ; *Cook* v. *Farren*, 34 Barb. 95 ; *Sawyer* v. *N. A. L. Ins. Co.*, 46 Vt. 697.) There is no force in the suggestion made by the plaintiff's counsel in the court below, that the power of attorney in question confers greater authority upon the superintendent than the statute required. (*Butterworth* v. *Hill*, 117 U. S. 128 ; *Clark* v. *Morrison*, 85 Ga. 229.) If the statute required as a prerequisite to the transaction of business within this state, a stipulation by the defendant waiving its rights under the constitution of the United States, such stipulation cannot be enforced, and all acts thereunder are void. (*Ins. Co.* v. *Morse*, 20 Wall. 445 ; *Barron* v. *Burnside*, 121 U. S. 186 ; *S. P. Co.* v. *Denton*, 146 id. 202.) Even if the superintendent of the insurance department had the power to waive any defect or irregularity in or omission of the service of summons, the admission in this case is ineffectual for that purpose. (Code Civ. Pro. § 434 ; *Read* v. *French*, 28 N. Y. 285 ; *Paddock* v. *Beebee*, 2 Johns. Cas. 117 ; *Jackson* v. *Giles*, 3 Caines, 88 ; *Brown* v. *Cook*, 2 How. Pr. 40, 248 ; *Trolan* v. *Fagan*, 48 id. 240 ; *Spaulding* v. *Lyon*, 2 Abb. [N. C.] 203 ; *Dillard* v. *C. V. I. Co.*, 82 Va. 734.)

*James P. Judge* for respondent. The service of the summons on the superintendent of the insurance department, and his admission thereof, was sufficient. Said superintendent had the same power to admit service that the defendant itself has. (Laws of 1884, chap. 346 ; Code Civ. Pro. § 434 ; *A., etc., R. Co.* v. *J., etc., R. Co.*, 51 Ga. 458 ; *S. P. Co.* v.

*F. Assn.,* 67 Hun, 41.) It was not necessary to physically personally serve the superintendent of the insurance department as the attorney for the defendant. (Laws of 1884, chap. 346.) The voluntary appearance of the defendant association in this state by an attorney and an admission of receipt and acceptance by such attorney of a summons, is equivalent to the personal service of the summons. (Code Civ. Pro. § 434; *Christal* v. *Kelly,* 84 N. Y. 293; *Atty.-Gen.* v. *G., etc., Ins. Co.,* 77 id. 272.) The defendant is estopped to deny the regularity and sufficiency of the superintendent's admission of service. (*Plumb* v. *C. M. C. Ins. Co.,* 18 N. Y. 394; *M. & T. Bank* v. *Hazard,* 30 id. 228; *C. N. Bank* v. *N. Bank of Commonwealth,* 50 id. 575.) The superintendent's admission of service is in substantial compliance with chapter 346, Laws of 1884, and in accordance with the intention of the legislature in enacting that law. (Code Civ. Pro. § 431; *Hiller* v. *B. & M. R. R. Co.,* 70 N. Y. 227; *In re E. C. Bank,* 18 id. 200; *Happy* v. *Mosher,* 48 id. 313; *Gibbs* v. *Q. C. Ins. Co.,* 63 id. 114; *Pope* v. *T. H. C. M. Co.,* 87 id. 140; *O'Dea* v. *O'Dea,* 101 id. 33, 34; *Taylor* v. *G. S. P. Assn.,* 20 N. Y. Supp. 135; *Palmer* v. *P. Co.,* 35 Hun, 370; 99 N. Y. 679.) The defendant having appeared and removed this action into the United States court, it made its appearance general, and it cannot now question the service of such process. (*Sayles* v. *N. W. Ins. Co.,* 2 Curt. 212; *Bushnell* v. *Kennedy,* 9 Wall. 387–393; *Sweeney* v. *Coffin,* 1 Dill. 73, 75.) Any contention that the law is unconstitutional is untenable. (*Doyle* v. *Ins. Co.,* 94 U. S. 535; *L. Ins. Co.* v. *French,* 18 How. [U. S.] 404; *R. R. Co.* v. *Harris,* 12 Wall. 65.)

MAYNARD, J. The defendant, a foreign life insurance corporation, as a condition of its admission to do business in this state under chap. 346 of the Laws of 1884, appointed in writing the superintendent of insurance as its attorney, upon whom all legal process against it might be served with the same effect as if it was a domestic corporation, and empowered him as its attorney to receive and accept service of such process, and

declared that such service should be deemed valid personal service upon it.

On December 1, 1891, the attorney for the plaintiff issued the summons and complaint in this action, brought to recover for a death loss upon one of the defendant's policies, and sent it to the superintendent of insurance, by mail, with a request that he admit service thereof. On December 3, the superintendent returned the papers to the plaintiff with the statement that he admitted service of process on him, as attorney for the defendant, issued by the plaintiff's attorneys in behalf of plaintiff, and that he had sent to the defendant, by registered mail, a copy of the papers served on him. On December 21st, the defendant filed the petition and bond and took the other proceedings required by the federal judiciary act for the removal of the cause into the United States Circuit Court for the eastern district of New York, and thereupon the record was removed into that court, and filed with its clerk and the action was pending therein until January 8th, 1892, when it was remanded to the state court. On April 15th, the defendant moved to set aside the service of the summons and complaint, on the ground that it had not been personally served on the superintendent of insurance, and upon the further ground that his admission of service was fatally defective, because it did not comply with the essential requirements of section 434 of the Civil Code, which prescribes the contents of a valid admission. The General Term has affirmed the denial of this motion by the Special Term, and the defendant has appealed to this court.

It is unnecessary to consider what force, if any, the objections to the mode of service of process in this case and to the sufficiency of the admission of service might have had, if they had been seasonably made, for we think it must be held that the defendant necessarily submitted itself to the jurisdiction of the state court and waived any defect there may have been in the procedure to acquire jurisdiction of its person, by the proceeding which it initiated and consummated for the removal of the action into the United States Circuit Court. There

could be no transfer of the cause from the state to the federal jurisdiction, unless there was an action pending. The federal statute required it, and the petition must so allege, and must also aver that the petitioner · is a party to the action. The legal consequences of this acknowledgment of and submission to the jurisdiction of the state court cannot be avoided by the declaration which the defendant's attorney made while engaged in the act that his appearance was special and only for the purpose of effecting the removal of the cause into the federal court. There are undoubtedly cases where the right of a defendant to move to vacate service of process upon him may be saved by a special or qualified appearance for the purpose of making some motion or taking some step in the action which does not amount to a recognition of the jurisdiction of the court of his person; but the rule adopted in such cases has no application where the defendant becomes an actor in the suit and institutes a proceeding which has for its basis the existence of an action to which he must be a party. He thereby submits himself to the jurisdiction of the court, and no disclaimer which he may make upon the record, that he does not intend to do so, will be effectual to defeat the consequences of his act. As was held in *Ballard* v. *Burrowes* (2 Robt. 206), under such circumstances the limitation which he attempts to place upon the effect of his conduct is void, because incompatible with the purpose of his act.

We are aware that there are many cases in the federal Circuit Courts which hold that after removal the defendant may move to dismiss the action because of defective service of process in the state court, and that his appearance there for the purpose of taking the necessary proceedings to remove the action, is not a waiver of his right to make the motion, especially if he has not appeared generally in the state court. But these decisions apparently rest upon the ground that by the provisions of the act of Congress, when the removal is effected, the federal court is authorized to proceed with the action as if it had originally been brought in that court, and that the defendant has a right to have every question which

involves the authority of the plaintiff to implead him determined in the federal jurisdiction.

If this were not so, it is urged, that it would be within the power of the state court to confer jurisdiction of the person upon the federal court, by an improper service of process; and the defendant would be precluded from obtaining the judgment of the federal court upon that question. It is thought that the integrity of the federal jurisdiction requires the enforcement of such a rule of practice. But the reasons for the rule cease to exist when the question arises in the state court, and it cannot there be observed consistently with a proper respect for its own authority.

But the federal courts have by no means been unanimous upon this point. (*Bushnell* v. *Kennedy*, 9 Wall. 387–393; *Sweeney* v. *Coffin*, 1 Dill. 73–75; *Sayles* v. *N. W. Ins. Co.*, 2 Curtis C. C. 212.) In the most recent reported case on the subject of *McGillin* v. *Claflin* (52 Fed. R. 657), Judge RICKS says that it is " a question as to which there has been great diversity of opinion in the reported cases from the various Circuit Courts of the United States." In *Sayles* v. *N. W. Ins. Co.* (*supra*) Judge CURTIS denied a motion to dismiss the action for defective service in the state court, making use of this language: " The defendant comes in, becomes the actor, treats the suit as one properly instituted, removes it to another court and enters it there, and then says he was not obliged to appear at all, and the state court in effect had no suit before it. This, I am of opinion, he cannot do. * * * The act of Congress allows defendants to remove actual and legally-pending suits from the state courts. If this were not such a suit, he should not have brought it here. By bringing it here, he voluntarily treats it as properly commenced and actually pending in the state court, and he cannot, after it is entered here, treat it otherwise." The principle thus formulated, is, we think, sound, reasonable and just. It cannot be tolerated that a defendant shall question the jurisdiction of a state tribunal over his person, after he has effected a transfer of the cause to another court, by placing upon its records an

affirmation under oath of the pendency of the action, and of his relation to it as a party, and obtained the approval of the court of the bond required as a condition of its removal. If the cause is subsequently remanded, he cannot be heard to say that his own proceedings have in effect been *coram non judice*.

The order must be affirmed, with costs.

All concur.

Order affirmed.