(No. 22671.—

ELIZABETH C. VANDYKE, Appellant, *vs.* THE ILLINOIS COMMERCIAL MEN'S ASSOCIATION, Appellee.

*Opinion filed December 20, 1934.*

EKERN & MEYERS, (LUTHER F. BINKLEY, and RUSSELL H. MATTHIAS, of counsel,) for appellant.

RYAN, CONDON & LIVINGSTON, (DAVID J. GREENBERG, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

The appellant, Elizabeth C. VanDyke, brought an action of debt in the circuit court of Cook county against the Illinois Commercial Men's Association, a corporation, upon a judgment rendered in her favor as plaintiff, and against the appellee as defendant, in the district court of Douglas county, Nebraska. In the trial court the appellee's demurrer was sustained to the appellant's replication. The appellant elected to stand by her replication, and this appeal followed.

The judgment sued on was entered by default on July 25, 1922, in the Nebraska court, and an order of revivor was entered in that court on November 3, 1931. In the circuit court of Cook county the appellee filed a plea of *nul tiel record* and a special plea in answer to the appellant's declaration. In substance, the special plea of the appellee states that it transacted all of its business through its secretary and board of directors at its Chicago office, and particularly that it has never had any agent or transacted any business in the State of Nebraska; that at the

time the judgment was rendered against it in that State no person was authorized to accept service on its behalf; that no agent or attorney appeared there and waived service of process for it; that the judgment was rendered against the appellee without service upon it, and that for this reason that judgment was null and void.

The appellant admits that under the authority of *Pembleton* v. *Illinois Commercial Men's Ass'n,* 289 Ill. 99, and *Minnesota Commercial Men's Ass'n* v. *Benn,* 261 U. S. 140, service on the appellee by serving Harry S. Weller, a member of the appellee association, and J. E. Hart, secretary of the Department of Trade and Commerce of Nebraska, was void, but she contends that by removing the case from the State court and filing its objections to her motion to remand, the appellee waived service, and therefore the State court had jurisdiction and power to enter the judgment against the appellee.

After the appellant alleged in her replication the filing of her suit in Nebraska and that summons was served on J. E. Hart in his official capacity as secretary of the Department of Trade and Commerce of that State, and Harry S. Weller, managing agent of the appellee, the replication alleges that the appellee appeared and obtained an order removing the cause to the United States District Court and later filed in the latter court a transcript of the proceedings. Following this, the appellant filed a motion in the Federal court to remand the cause on the ground that the Federal court did not have jurisdiction. The appellee then filed objections to the motion to remand. It stated that it had never applied to or obtained from the State of Nebraska a license to do business; that it was not then doing, and had never done, business in Nebraska; that it had never had an officer, director, agent or solicitor or any office or place of business within that State, nor was there at any time any person in that State authorized to act for it; that Harry S. Weller, and J. E. Hart, secretary

of the Department of Trade and Commerce, named in the sheriff's returns, were not agents of the appellee and were without power to accept service for it. The replication then alleges that the United States District Court, after a full hearing on the appellant's motion and the objections of the appellee, ordered the cause remanded. The appellant then says that she filed a transcript in the State court of the proceedings in the Federal court and that the appellee did not appear or take any further steps in the cause, and that the judgment which is set forth in appellant's declaration was rendered and remains in full force and effect.

Before considering the other questions involved we must first determine whether this court has jurisdiction of this appeal. The appeal was perfected from the trial court directly to this court on the theory that section 75 of the Civil Practice act is applicable. (Smith's Stat. 1933, chap. 110, par. 199; Cahill's Stat. 1933, chap. 110, par. 203.) It provides for direct appeals to this court where "a construction of the constitution is involved."

The appellant contends that the trial court violated section 1 of article 4 of the constitution of the United States when it sustained the appellee's demurrer to the appellant's replication. She insists the trial court refused to give full faith and credit to the judgment rendered by the Nebraska court, and that this judgment is one which comes within the provisions of section 1 of article 4. On the other hand, the appellee insists that the judgment sued upon was rendered in violation of the due process clause of the fourteenth amendment of the United States constitution, because the State court did not have jurisdiction of the appellee.

We have held that the record of a judgment rendered in another State may be questioned as to the existence of facts recited therein which were necessary to give the court jurisdiction. If it is made to appear that such facts did

not exist the judgment will be held to be a nullity. It may be shown that there was a want of jurisdiction either of the subject matter or of the person. (*Pembleton* v. *Illinois Commercial Men's Ass'n*, 289 Ill. 99; *Field* v. *Field*, 215 id. 496; *Forsyth* v. *Barnes*, 228 id. 326.) This same rule has been laid down in *Thompson* v. *Whitman*, 18 Wall. 457, *Simmons* v. *Saul*, 138 U. S. 439, and *National Exchange Bank* v. *Wiley*, 195 id. 257. Bound up with the question as to what judgments shall receive "full faith and credit," is the question of "due process of law" under the fourteenth amendment to the constitution of the United States. If the judgment was rendered without due process of law it is not entitled to the benefit of section 1 of article 4 of the constitution of the United States, which requires that "full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State."

The reasons for the rule were stated by the United States Supreme Court in *Riverside and Dan River Cotton Mills* v. *Menefee*, 237 U. S. 189. That was a personal injury suit brought in North Carolina. The defendant was a Virginia corporation, and a summons was served upon one of its directors who resided in North Carolina but who was not a resident agent there. A judgment for the plaintiff was affirmed by the State's Supreme Court. That court held that the due process clause of the fourteenth amendment did not prevent it from entering a judgment and that the clause would become effective only when an attempt was made to enforce the judgment. In holding that the due process clause forbade the entry of the judgment the United States Supreme Court said: "It is, however, unnecessary to pursue the subject from an original point of view, since in *Pennoyer* v. *Neff*, 95 U. S. 714, among other things, it was said that 'proceedings in a court of justice to determine the personal rights and obligations of parties over whom that court has no jurisdiction do not

constitute due process of law.' And see *Mutual Life Ins. Co.* v. *Spratley,* 172 U. S. 602, where these principles are treated as self-evident. It is true that in most of the decided cases questions concerning judgments rendered without a hearing under the circumstances here disclosed have arisen from attempts to enforce such judgments in jurisdictions other than the one wherein they were rendered, presumably because the defense of want of due process was not made until the judgments had been entered and an effort to enforce them was made. But the fact that because, unobservedly or otherwise, judgments have been rendered in violation of the due process clause and their enforcement has been refused under the full faith and credit clause affords no ground for refusing to apply the due process clause and preventing that from being done which is by it forbidden, and which, if done, would be void and not entitled to enforcement under the full faith and credit clause. The two clauses are harmonious, and because the one may be applicable to prevent a void judgment being enforced, affords no ground for denying efficacy to the other in order to permit a void judgment to be rendered." (See, also, *Old Wayne Life Ass'n* v. *McDonough,* 204 U. S. 8, and *Baker* v. *Baker, Eccles & Co.* 242 id. 394.) In this latter case, in discussing the effect of the fourteenth amendment to the constitution of the United States, it was said: "But until the adoption of the fourteenth amendment (1868) this remained a question of State law, the effect of the due process clause of that amendment being, as was held in the case just mentioned, (*Pennoyer* v. *Neff,* 95 U. S. 714, 732,) to establish it as the law for all the States that a judgment rendered against a non-resident who had neither been served with process nor appeared in the suit was devoid of validity within as well as without the territory of the State whose court had rendered it and to make the assertion of its validity a matter of Federal right."

We are convinced that a question is presented here under the United States constitution and that if the appeal had been taken to the Appellate Court that question would have been waived. (*Pembleton* v. *Illinois Commercial Men's Ass'n*, 289 Ill. 99, 107.) In *Central Union Telephone Co.* v. *City of Edwardsville*, 269 U. S. 190, it was held that the phrase "construction of the constitution," contained in the Practice act of this State, included the constitutions of the United States and of this State. A different construction of this language in our statute would lead to the result that appellate courts would have jurisdiction to determine the construction of the constitution of the United States but would be without jurisdiction to determine the same sort of questions with relation to our State constitution. This appeal was properly brought to this court.

It is the contention of the appellant that where a defendant files in a State court a petition to remove a nonremovable cause to a Federal court and abandons the cause after it has been remanded to the State court, he cannot in a collateral proceeding question the jurisdiction of the State court over his person. In other words, the appellant contends that under such circumstances, regardless of whether or not the defendant attempted to limit its appearance, the attempt to remove the cause constitutes a general appearance in the State court. In support of her contention the appellant relies upon *Baldwin* v. *Iowa State Traveling Men's Ass'n*, 283 U. S. 522, 75 L. ed. 1244. In that case suit was instituted in the courts of Missouri and removed to the Federal court, where the defendant appeared specially and moved to quash the service and to dismiss the suit. The Federal court quashed the service but refused to dismiss and instead ordered an alias summons to issue. The defendant's motion to quash the service of the alias summons was overruled and leave was given to plead in thirty days. The defendant took no further part

in the proceedings and a judgment was rendered against it. Suit was brought upon this judgment in the Federal court in Iowa. The defense in that court was lack of jurisdiction of the person of the defendant in the Federal court of Missouri. The Federal court in Iowa sustained this defense and dismissed the action, and the Circuit Court of Appeals affirmed this judgment. The United States Supreme Court granted a writ of *certiorari,* and held that the question of service had been decided by the United States District Court in Missouri and that decision was binding on the defendant until it was set aside on appeal. It was not open to a collateral attack. This decision is not applicable to the facts before us.

Although the appellee filed objections to the appellant's motion to remand the cause, the sole question before the Federal court in passing on the motion was whether or not the cause was one which had been properly removed from the State court. The question as to whether or not there had been service on the defendant in the State court had no bearing upon the motion to remand. It was not then an issue in the case, and although the appellant contends that this is immaterial and that by its objections the appellee submitted the question as to the existence or non-existence of proper service to the Federal court for its adjudication, the question could not have been determined and could not have become *res judicata* by the ruling of the Federal court on the motion before it. This contention of appellant is inconsistent with her further contention that the appellee should have gone into the State court upon the remandment of the case to that tribunal if it desired to question the service upon it.

The appellant also relies upon the decision in the case of *Farmer* v. *National Life Ass'n of Hartford,* 138 N. Y. 265, 33 N. E. 1075. In that case a suit was filed in the State court upon an insurance policy. The defendant limited its appearance and filed its notice, bond and petition for

removal to the Federal court. The cause was remanded, whereupon the defendant appeared in the State court and moved to quash the service for lack of jurisdiction of its person. This motion was denied and it appealed to the New York Court of Appeals. That court held that it was unnecessary to consider what force, if any, objections to the mode of service of process or to the sufficiency of the admission of service might have had if such objections had been seasonably made, and that the defendant necessarily submitted itself to the jurisdiction of the State court and waived any defect there may have been in attempting to acquire jurisdiction of its person when it initiated and consummated a proceeding to remove the action to the United States court. The reason given for the holding was, that there could be no transfer of the cause from the State to the Federal jurisdiction unless there was an action pending to which the defendant was a party. The Federal statute required both facts to be alleged in the petition, and it was said that the legal consequences of this acknowledgment of and submission to the jurisdiction of the State court could not be avoided by the declaration made by the defendant's attorney that his appearance was special and only for the purpose of effecting the removal of the action to the Federal court. The New York Court of Appeals recognized the fact that there were many cases in the Federal Circuit Courts which held that after removal the defendant might move to dismiss because of defective service of process in the State court, and that his appearance there for the purpose of taking such steps as were necessary to remove the action did not constitute a waiver of his right to make the motion, especially if he had not appeared generally in the State court, but it refused to follow such holdings.

The appellant also relies upon *State* v. *Love,* 148 So. (Fla.) 208, and *Britton* v. *Beltzhoover,* 147 Miss. 737, 113

So. 346. These decisions are to the same effect as the New York case.

The appellee relies upon decisions of the Supreme Court of the United States which hold that after an action has been removed from a State court the defendant has the right to appear specially and attack the supposed service upon him in the State court, and that the defendant did not enter a general appearance by filing his petition for the removal of the action. *Goldey* v. *Morning News,* 156 U. S. 518, 39 L. ed. 517; *Wabash Western Railway* v. *Brow,* 164 id. 271, 41 L. ed. 431; *Clark* v. *Wells,* 203 id. 164, 51 L. ed. 138; *Cain* v. *Commercial Publishing Co.* 232 id. 124; *General Investment Co.* v. *Lake Shore and Michigan Southern Railway Co.* 260 id. 261; *Morris & Co.* v. *Skandinavia Ins. Co.* 279 id. 405; *R. H. Hassler, Inc.* v. *Shaw,* 271 id. 195.

In the *Wabash Western Railway case* the Supreme Court of the United States said: "The Circuit Court of Appeals held that a petition to remove, without more, was tantamount to a general appearance, but that this result could be avoided by a special appearance accompanying or made part of the petition, which would not be waived by or be inconsistent with the general appearance, because the application was analogous to an objection to jurisdiction over the subject matter. We do not concur with this view. By the exercise of the right of removal the petitioner refuses to permit the State court to deal with the case in any way because he prefers another forum to which the law gives him the right to resort. This may be said to challenge the jurisdiction of the State court in the sense of declining to submit to it and not necessarily otherwise. We are of the opinion that the filing of a petition for removal does not amount to a general appearance but to a special appearance, only."

In repudiating the contention made in the case of *Cain* v. *Commercial Publishing Co.* 232 U. S. 124, that sec-

tions 29 and 38 of the judicial code, requiring a party removing a cause, within thirty days thereafter, to plead, answer or demur to the declaration or complaint, require a pleading to the merits, and that by his act of removal he waives the right to plead to the jurisdiction of the tribunal over his person, the court said: "It may be conceded that the purpose of the amendment was to secure expedition in the disposition of the case, but a revolution in the practice and efficacy of the right of removal is not lightly to be inferred. And a revolution it would be. It would take from the Federal courts the power they have possessed under the cases cited—a power not only to pass upon the merits of the case but upon the validity of the service of process; that is, upon the question of jurisdiction over the person of the defendant. How essential this power is to the right of removal is obvious. Without it a State could prescribe any process or notice, or a plaintiff, as in the pending case, serve process on a person having no relation with a defendant and compel him to submit to it and to a jurisdiction not of his residence, or give up his right to take the case to what, in contemplation of law, may be a more impartial tribunal for the determination of the action instituted against him and which it is the purpose of the removal proceedings to secure to him, and, it must be assumed, completely, not by surrender of any of his rights but in protection and security of all of them."

We have held that a question under the Federal constitution is involved in this case, viz., the question of due process upon the defendant. This court is bound by the decisions of the United States Supreme Court as to such questions. (*Pembleton* v. *Illinois Commercial Men's Ass'n,* 289 Ill. 99; *Town of Cheney's Grove* v. *VanScoyoc,* 357 Ill. 52.) We therefore cannot follow the decisions in *Farmer* v. *National Life Ass'n of Hartford,* 138 N. Y. 265, 33 N. E. 1075, *State* v. *Love,* 148 So. (Fla.) 208, and *Britton* v. *Beltzhoover,* 147 Miss. 737, 113 So. 346. To

permit State courts to treat an effort to remove a case to the Federal court as a general appearance and a waiver of process upon the party seeking to remove the cause would contravene the due process clause of the fourteenth amendment of the United States constitution.

The answer to appellant's contention that after an order of remandment has been entered it is the duty of the State court to proceed to judgment is, that its duty still depends upon the status of the defendant with reference to service upon it. If there was a lack of personal service no judgment *in personam* can be rendered. While it was said in *St. Paul and Chicago Railway Co.* v. *McLean,* 108 U. S. 212, that upon the remandment of a case the State court is reinvested with jurisdiction, no question as to its jurisdiction over the person of the defendant was raised in that case.

The rule to be derived from the decisions of the United States Supreme Court is, that an action returns to the State court, upon remandment, in exactly the same status, so far as jurisdiction over the parties is concerned, as when the petition for removal was filed. The reasoning in these decisions in each case applies here, although objection was made in the Federal court to the State court's jurisdiction over the person of the defendant. We therefore hold that the trial court acted correctly in sustaining the demurrer of the appellee to the replication of the appellant, that the judgment of the district court of Douglas county, Nebraska, was not entitled to receive full faith and credit but was open to collateral attack, and that the judgment was void because the service which was attempted to be had was void. The appellee's acts in removing the cause to the United States District Court did not constitute a waiver of service and did not amount to a general appearance in the State court.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*