■ J & D SUPPLY GROUP, Appellant, v DYDACOMP DEVELOPMENT CORPORATION, INC., Respondent. [760 NYS2d 905] —Lahtinen, J. Appeal from an order of the Supreme Court (Teresi, J.), entered March 22, 2002 in Albany County, which granted defendant's motion to dismiss the complaint.

Plaintiff, a New York corporation with its principal office in the City of Albany, purchased a computer software program from defendant, a New Jersey corporation with its principal place of business in New Jersey. Contending that the program was defective and had caused it various damages, plaintiff commenced this action by effecting service upon defendant in New Jersey. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (8) upon the ground that it was not subject to the long-arm jurisdiction of New York. Supreme Court granted the motion. Plaintiff appeals.

Evidence in the record reveals that defendant attended at least two trade shows in New York to market its software and claimed in its advertising to have sold the software to numerous New York businesses located throughout the state. Plaintiff received, in New York, direct mail solicitation from defendant regarding the software program and, after responding to the solicitation, plaintiff received a brochure package together with a demonstration version of the software. Thereafter, plaintiff agreed to purchase the software, which was sent to plaintiff in exchange for $5,679. Defendant solicited business in New York, contracted to provide goods or services in New York and

plaintiff's action arises out of alleged violations of that contract. Such facts are sufficient to fall within the reach of this State's long-arm jurisdiction statute (*see* CPLR 302 [a] [1]; *People v Concert Connection*, 211 AD2d 310, 315 [1995], *appeal dismissed* 86 NY2d 837 [1995]; *Anderson Dev. Corp. v Isoreg Corp.*, 154 AD2d 859, 859-860 [1989]) and satisfy the concomitant due process requirements (*see LaMarca v Pak-Mor Mfg. Co.*, 95 NY2d 210, 216-218 [2000]; *see also Burger King Corp. v Rudzewicz*, 471 US 462, 477 [1985]; *World-Wide Volkswagen Corp. v Woodson*, 444 US 286, 297 [1980]; *Liberatore v Calvino*, 293 AD2d 217, 220 [2002]). Thus, defendant's motion to dismiss for lack of jurisdiction should have been denied.

Spain, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.