BENIFITS BY DESIGN CORPORATION et al., Appellants, v CONTRACTOR MANAGEMENT SERVICES, LLC, et al., Defendants, and MORTGAGE HUB, INC., Respondent. [905 NYS2d 340]—

Garry, J. Appeal from that part of an order of the Supreme Court (Nolan, Jr., J.), entered September 15, 2009 in Saratoga County, which granted a motion by defendant Mortgage Hub, Inc. to dismiss the complaint against it.

In 2008, defendant Contractor Management Services, LLC (hereinafter CMS), a foreign corporation doing business in Arizona, and its president, defendant Dennis A. Roccaforte, entered into an agreement in Arizona with plaintiff Benifits by Design Corporation (hereinafter BBD), a New York corporation, and its president, plaintiff Todd Bush, to dissolve their previous business relationship. The agreement provided, among other things, that Roccaforte, acting through an escrow agent, would transfer certain stock certificates and other documents to Bush in exchange for a specified sum. Defendant Mortgage Hub, Inc. (hereinafter defendant), a foreign corporation doing business in Arizona, among other places, was retained to act as the escrow agent pursuant to "Joint Escrow Instructions" signed by Bush and Roccaforte. On May 9, 2008, CMS delivered certain documents to defendant in Arizona and BBD made a wire transfer of funds to defendant's Arizona escrow account. Defendant shipped the documents to CMS in New York and oversaw a wire transfer of the funds, less its $475 fee, to Roccaforte in Arizona.

In July 2008, plaintiffs commenced this action in Supreme Court, alleging, among other things, that CMS and Roccaforte had failed to provide all of the required documents, and that defendant had breached a duty by transferring the funds without first ascertaining that they had fully complied with the agreement. In an amended complaint, plaintiffs asserted that defendant was a foreign corporation doing business in New York. Defendant removed the action to the United States District Court for the Northern District of New York, but the parties then stipulated to remand the action back to Supreme Court. Defendant moved to dismiss the amended complaint for lack of personal jurisdiction, and plaintiffs moved to dismiss certain counterclaims asserted by Roccaforte and CMS. The court granted defendant's motion and denied plaintiffs' motion. Plaintiffs now appeal from so much of the order as granted defendant's motion.

Supreme Court properly found that defendant did not submit itself to New York jurisdiction by removing the action to federal court. Defendant's notice of removal explicitly provided that the removal did not waive any available defenses or counterclaims. In federal court, defendant moved to dismiss the complaint for lack of personal jurisdiction; while that motion was pending, the parties remanded the action by a stipulation providing that all pending motions were "disposed of as moot, without prejudice to any rights [d]efendants may have to move against [p]laintiffs' [a]mended [c]omplaint in the Supreme Court, Saratoga County." Upon remand, defendant promptly reasserted its jurisdictional defense. Under these circumstances, we find that defendant properly asserted its jurisdictional objection by motion as required by CPLR 3211 (e) (*see Matter of Sessa v Board of Assessors of Town of N. Elba*, 46 AD3d 1163, 1164-1165 [2007]).

We disagree with plaintiffs' argument that we are bound by the determination in *Farmer v National Life Assn. of Hartford, Conn.* (138 NY 265, 270 [1893]) that removal acknowledges the validity of a pending action and therefore constitutes submission to state court jurisdiction. *Farmer* was based on the outdated distinction between special and general appearances (*see* CPLR 321; *Colbert v International Sec. Bur.*, 79 AD2d 448, 459-464 [1981], *lv denied* 53 NY2d 608 [1981]) and also on the removal procedure applicable at that time, long since superseded by the CPLR, the Federal Rules of Civil Procedure, and 28 USC § 1446. Under contemporary law, by contrast to that applicable in 1893, "one of the very purposes of removal may be to have the federal court dispose of [an] objection" to personal jurisdiction (Siegel, NY Prac § 619 [4th ed]). Moreover, though not controlling, we note that removal does not waive the defense of lack of personal jurisdiction in federal court (*see Cain v Commercial Publishing Co.*, 232 US 124, 133-134 [1914]; *Cantor Fitzgerald, L.P. v Peaslee*, 88 F3d 152, 157 n 4 [2d Cir 1996]; *Sirius Am. Ins. Co. v SCPIE Indem. Co.*, 461 F Supp 2d 155, 158 [2006]). We therefore find that defendant did not waive its objection to personal jurisdiction.

To establish general jurisdiction over defendant, a foreign corporation not licensed to do business in New York (*see* Business Corporation Law § 304), CPLR 301 requires plaintiffs to show that defendant "engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction" (*Laufer v Ostrow*, 55 NY2d 305, 309 [1982] [internal quotation marks and citations omitted]). For the first time on appeal, plaintiffs assert that defend-

ant is subject to jurisdiction on this ground as it is a subsidiary or department of a corporation registered to do business in New York. Jurisdiction over a parent corporation may be based on the presence of a subsidiary when the parent exercises such complete control "that the subsidiary is, in fact, merely a department of the parent" (*Delagi v Volkswagenwerk AG of Wolfsburg, Germany*, 29 NY2d 426, 432 [1972]). However, plaintiffs cite no cases supporting the reverse proposition that jurisdiction over a subsidiary may be based on a parent's New York presence (*see National Union Fire Ins. Co. of Pittsburgh v Ideal Mut. Ins. Co.*, 122 AD2d 630, 632 [1986]). This claim is further unpreserved (*see Kamp v Fiumera*, 69 AD3d 1168, 1170 [2010]), and is supported solely by evidence extraneous to the record, which we will not consider (*see Kool-Temp Heating & Cooling v Ruzika*, 6 AD3d 869, 870 [2004]; *Baker v City of Elmira*, 271 AD2d 906, 907 [2000]).

As to long-arm jurisdiction, pursuant to CPLR 302 (a) (1), personal jurisdiction may be exercised over a foreign entity that "transacts any business within the state or contracts anywhere to supply goods or services in the state" if it is shown that the entity "purposely interjected [itself] into New York's service economy or developed other significant contacts with New York" (*McLenithan v Bennington Community Health Plan*, 223 AD2d 777, 779 [1996], *lv dismissed* 88 NY2d 1017 [1996]). Here, the actions by which plaintiffs contend defendant breached a duty took place in Arizona, with the single exception of defendant's shipment of documents to plaintiffs in New York. While one such transaction may be sufficient if "the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" (*Stardust Dance Prods., Ltd. v Cruise Groups Intl., Inc.*, 63 AD3d 1262, 1263-1264 [2009] [citation omitted]), we do not find that the sole action of shipping a package of documents to New York, without more, demonstrates that defendant " 'avail[ed] itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws' " (*Fischbarg v Doucet*, 9 NY3d 375, 380 [2007], quoting *McKee Elec. Co. v Rauland-Borg Corp.*, 20 NY2d 377, 382 [1967]; *compare Executive Life Ltd. v Silverman*, 68 AD3d 715, 717 [2009]; *Kimco Exch. Place Corp. v Thomas Benz, Inc.*, 34 AD3d 433, 434 [2006], *lv denied* 9 NY3d 803 [2007]). Although plaintiffs further contend that defendant transacted business in New York by maintaining a Web site that offered information about its products and services and offered opportunities for customer feedback to New York users along with others, there was no demonstrated relationship of any kind between the Web site

and the escrow transaction. Moreover, plaintiffs' descriptions of the Web site indicate that the site was informative in nature and did not permit purchases, orders, or other direct business transactions by which defendant could be found to have projected itself into New York for business purposes (*see Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 7 NY3d 65, 71 [2006], *cert denied* 549 US 1095 [2006]; *Arouh v Budget Leasing, Inc.*, 63 AD3d 506 [2009]). By merely serving as a conduit for the transfer of documents between the parties, defendant did not "supply goods or services in the state" (CPLR 302 [a] [1]; *compare J & D Supply Group v Dydacomp Dev. Corp.*, 306 AD2d 739, 739-740 [2003]; *Carpino v National Store Fixtures*, 275 AD2d 580, 581 [2000], *lv denied* 95 NY2d 769 [2000]).

Further, plaintiffs did not reveal facts to support long-arm jurisdiction based on defendant having "commit[ted] a tortious act without the state causing injury to person or property within the state" (CPLR 302 [a] [3]). Where, as here, commercial, nonphysical losses are alleged, the situs of the injury is not where the losses are sustained, but "where the critical events associated with the dispute took place" (*Weiss v Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff*, 85 AD2d 861, 862 [1981] [internal quotation marks and citations omitted]; *see Polansky v Gelrod*, 20 AD3d 663, 665 [2005]). The critical events allegedly constituting defendant's breach of duty—that is, its alleged failure to properly inspect the documents before releasing the escrow funds—took place entirely in Arizona; thus, there was no basis shown supporting long-arm jurisdiction under CPLR 302 (a) (3).

Finally, plaintiffs contend that Supreme Court should have exercised its discretion to grant an opportunity for jurisdictional discovery by denying defendant's motion to dismiss without prejudice to renewal on the ground that "facts essential to justify opposition may exist but cannot then be stated" (CPLR 3211 [d]; *see Bunkoff Gen. Contrs. v State Auto. Mut. Ins. Co.*, 296 AD2d 699, 700 [2002]; *Herzog v Town of Thompson*, 216 AD2d 801, 802 [1995]). Plaintiffs bear the burden of proof in this regard (*see Herzog v Town of Thompson*, 216 AD2d at 802). Although a prima facie showing of personal jurisdiction is not required, to obtain such relief plaintiffs are required to demonstrate that they "have made a sufficient start, and shown their position not to be frivolous" (*Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]). We find that plaintiffs failed to make this demonstration. Therefore, Supreme Court properly granted defendant's motion to dismiss the complaint.

Rose, J.P., Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.