Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered March 28, 2013, which denied third-party defendant’s motion to dismiss for lack of jurisdiction, and granted defendants/third-party plaintiffs’ cross motion to deem personal service sufficient and proper, unanimously affirmed, without costs.
Third-party plaintiffs have made a prima facie showing that third-party defendant, the father of the infant plaintiff, was “doing business” in New York, through a voluntary, continuous and self-benefitting course of conduct, sufficient to render bim subject to the general jurisdiction of this State’s courts (CPLR 301; see e.g. ABKCO Indus. v Lennon, 52 AD2d 435, 440 [1st Dept 1976]; see also Bryant v Finnish Natl. Airline, 15 NY2d 426, 428 [1965]; Lancaster v Colonial Motor Frgt. Line, 177 AD2d 152, 156 [1st Dept 1992]). The evidence included, among other things, Mr. Hardware’s testimony concerning his long-term employment as a scientist at an “undisclosed location” in New York, and documentary evidence presented by third-party plaintiffs showing that he also had a long-term business relationship with a New York company, for which he acted as designated agent, but which he failed to disclose. Under the circumstances of this case, the court properly discredited Mr. Hardware’s self-serving affidavit, submitted in opposition to third-party plaintiffs’ cross motion, which was tailored to avoid the consequences of his earlier, inconsistent deposition testimony and representations concerning his continued employment in New York (see Phillips v Bronx Lebanon Hosp., 268 AD2d 318, 320 [1st Dept 2000]).
Personal jurisdiction over Mr. Hardware may not, however, be based on CPLR 302 (a) (3) because, although he engaged in a persistent course of conduct within the State, the situs of the injury alleged in the third-party complaint is Connecticut, where the infant plaintiff was allegedly exposed to lead-based paint at a property owned by Mr. Hardware, regardless of whether the child resided in New York at the time (see Magwitch, L.L.C. v Pusser’s Inc., 84 AD3d 529, 532 [1st Dept 2011], lv denied 18 NY3d 803 [2012]).
As Mr. Hardware was subject to personal jurisdiction pursuant to CLPR 301, personal service upon him in Connecticut was *562 proper pursuant to CPLR 313.
Concur—Gonzalez, EJ., Friedman, Moskowitz, Freedman and Kapnick, JJ.