Deutsche Bank AG v Vik (2018 NY Slip Op 04958)





Deutsche Bank AG v Vik


2018 NY Slip Op 04958


Decided on July 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2018

Sweeny, J.P., Webber, Kern, Oing, JJ.


7046 652156/16

[*1]Deutsche Bank AG, Plaintiff-Appellant,
v
Erik Martin Vik, Senior, et al., Defendants-Respondents.


Cahill Gordon & Reindel LLP, New York (Sheila C. Ramesh of counsel), for appellant.
Whiteman Breed Abbott & Morgan LLC, New York (Thomas P. O'Connor of counsel), for Erik Martin Vik, Senior and VBI Corporation, respondents.
Zaroff & Zaroff LLP, Garden City (Ira S. Zaroff of counsel), for Alexander Vik and Sebastian Holdings, Inc., respondents.



Order, Supreme Court, New York County (Anil C. Singh, J.), entered June 12, 2017, which granted defendants' motion to dismiss the complaint for lack of personal jurisdiction under CPLR 302(a)(3)(ii), unanimously affirmed, without costs.
A plaintiff relying on CPLR 302(a)(3)(ii) must show that (1) the defendant committed a tortious act outside New York; (2) the cause of action arose from that act; (3) the tortious act caused an injury to a person or property in New York; (4) the defendant expected or should reasonably have expected the act to have consequences in New York; and (5) the defendant derived substantial revenue from interstate or international commerce (LaMarca v Pak-Mor Mfg. Co., 95 NY2d 210, 214 [2000]). In New York, "the situs of commercial injury is where the original critical events associated with the action or dispute took place, not where any financial loss or damages occurred" (CRT Invs., Ltd. v BDO Seidman, LLP, 85 AD3d 470, 472 [1st Dept 2011]; see Magwitch, L.L.C. v Pusser's Inc., 84 AD3d 529, 532 [1st Dept 2011], lv denied 18 NY3d 803 [2012]).
Here, the "original critical events" giving rise to plaintiff's injury were the 2012 and 2015 Transfers. As those transfers occurred outside of New York and did not involve New York assets, the situs of injury was not in New York (see Cotia [USA] Ltd. v Lynn Steel Corp., 134 AD3d 483, 484-485 [1st Dept 2015]; Magwitch, 84 AD3d at 530-532). That plaintiff felt economic injury in New York, alone, is an insufficient basis to confer jurisdiction. To the extent plaintiff relies on Deutsche Bank, AG v Vik (2015 Slip Op 30163[U] [Sup Ct, NY County 2015]), that case relied on federal caselaw that did not apply the situs of injury test, and our decision affirming that order did not determine the issue of jurisdiction under CPLR 302(a)(3)(ii) (see 142 AD3d 829 [1st Dept 2016]).
Furthermore, even if the elements of CPLR 302(a)(3)(ii) have been met, asserting personal jurisdiction would not comport with due process (see Penguin Group [USA] Inc. v American Buddha, 16 NY3d 295, 302 [2011]). To comport with due process, "[t]here must also be proof that the out-of-state defendant has the requisite minimum contacts' with the forum state and that the prospect of defending a suit here comports with traditional notions of fair play and substantial justice,'" (id. at 307, quoting International Shoe Co. v Washington, 326 US 310, 316 (1945)]). The "minimum contacts" requirement is satisfied where "a defendant's conduct and connection with the forum State' are such that it should reasonably anticipate being haled into court there'" (LaMarca at 216, quoting World-Wide Volkswagen Corp. v Woodson, 444 US 286, 297 [1980]). Under the "effects test" theory of personal jurisdiction, where the conduct that forms the basis for the plaintiff's claims takes place entirely out of forum, and the only relevant jurisdictional contacts with the forum are the harmful effects suffered by the plaintiff, a court [*2]must inquire whether the defendant "expressly aimed" its conduct at the forum (Charles Schwab Corp. v Bank of Am. Corp., 883 F3d 68, 87 [2d Cir 2018]). Here, defendants did not expressly aim their tortious conduct at New York, and the foreseeability that the alleged fraudulent conveyances would injure plaintiff in New York is insufficient (id. at 87-88).
Plaintiff is not entitled to jursidictional discovery, as it has not demonstrated that facts may exists that could support the
exercise of jurisdiction (see McBride v KPMG Intl., 135 AD3d 576, 577 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 3, 2018
CLERK